SEPTEMBER TERM, 1879. 437

Heyman vs. The State—Holleman vs. Holleman, etc.

## *HEYMAN vs. THE STATE OF GEORGIA.

[WARNER, Chief Justice, being engaged as presiding officer of the senate organized as a court of impeachment, did not sit in this case.]

This case is ruled by the case of *Newman vs. The State*, decided at this term.

JACKSON, Justice.

## HOLLEMAN vs. HOLLEMAN.

The affidavits *pro* and *con* being conflicting, the discretion of the chancellor exercised in granting the injunction will not be controlled.

WARNER, Chief Justice.

## SPARKS vs. NOYES; THE CITY OF ATLANTA vs. CHAMPE. *et al.;* ELLIOTT, executor, *et al. vs.* THE SAV. & OG. CAN. CO.; THE SCOFIELD ROL. M. CO. *et al. vs.* THE STATE.

The first grant of a new trial will not be reversed by this court unless the plaintiff in error makes it appear from the record that the judge abused his discretion in granting it, and that the law and facts require the verdict, notwithstanding the judgment of the presiding judge. The principle ruled in the case of *Merriam vs. The City of Atlanta*, 61 *Ga.*, 222, covers this case.

## DYKES vs. THE STATE OF GEORGIA.

1. There was no material error in the charge of the court.
2. Where the defendant was convicted of an assault with intent to rape, and was sentenced to twenty years' confinement in the penitentiary, as the term was within the limit prescribed by the statute, this court will not interfere on the ground that it was excessive.

WARNER, Chief Justice.

*No reports or opinions are published in the following cases under the provisions of act of March 2, 1875. (R.)