41475. ST. PAUL FIRE & MARINE INSURANCE COMPANY et al. v. DILLINGHAM.

ARGUED SEPTEMBER 7, 1965—DECIDED SEPTEMBER 23, 1965—
REHEARING DENIED OCTOBER 6, 1965.

*Oliver & Maner, Joseph M. Oliver, T. S. Gray,* for plaintiffs in error.

*Dawson & Phillips, R. L. Dawson, Richard D. Phillips,* contra.

DEEN, Judge. No question of comparative or contributory negligence enters into this award. The sums found for future pain and suffering are to be determined by the enlightened conscience of impartial jurors, and are not to be reduced to present cash value. *Bagley v. Akins,* 110 Ga. App. 338 (138 SE2d 430). "As we understand the law as to excessive verdicts, a verdict will not be set aside as excessive by this court unless it manifestly appears from the record that it was a result of prejudice, bias, or gross mistake." *Colonial Stores, Inc. v. Coker,* 77 Ga. App. 227 (9) (48 SE2d 150). "Before the verdict will be set aside on the ground that it is excessive, where there is no direct proof of prejudice or bias, the amount thereof, when considered in connection with all the facts, must shock the moral sense, appear 'exhorbitant,' 'flagrantly outrageous,' and 'extravagant' . . . It must carry its death warrant upon its face." *Western & A. R. v. Burnett,* 79 Ga. App. 530, 543 (54 SE2d 357), citing *Realty Bond &c. Co. v. Harley,* 19 Ga. App. 186, 187 (91 SE 254). While it was stated in *Seaboard Air-Line R. v. Miller,* 5 Ga. App. 402 (63 SE 299) that the inference of bias or gross mistake which under *Code* § 105-2015 must appear before any court is authorized to set aside a verdict for excessiveness may arise from its size alone, through comparison with like cases and other verdicts, the comparison is difficult because no two cases are precisely alike. The student of verdict size may find examples to his heart's content collected in 16 ALR2d, Anno., pp. 3-389. Nonpecuniary damages generally

falling under the category of pain and suffering range at least up to $134,000 in cases where earning capacity has not been destroyed. See Seffert v. Los Angeles Transit Lines, 56 Cal.2d 498 (364 P2d 337). An excessive or inadequate verdict constitutes a mistake of fact rather than of law. It addresses itself to the discretion of the trial judge who saw the witnesses and heard the testimony. This court is a court for the correction of errors of law only, and this court's jurisdiction is confined to the question of whether the trial court abused his discretion in overruling the motion for a new trial on this ground. See also *Seaboard Air Line R. Co. v. Vaughn,* 19 Ga. App. 397 (3) (91 SE 516) followed in *Wilson v. Dunaway,* 112 Ga. App. 241, (144 SE2d 514). In the present case, where the evidence most favorable to the plaintiff shows painful and permanent injuries with loss of physical function, it cannot be said that the verdict is excessive as a matter of law.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*