## 60009. SEABOARD COAST LINE RAILROAD v. TOWNS.

SMITH, Judge.

Appellant railroad brings this appeal from an adverse jury verdict in the amount of $220,000 awarded to appellee under the Federal Employers' Liability Act, 45 USCA § 51 et seq. Appellant contends that certain remarks made by appellee's counsel in his closing argument to the jury were improper and that the trial court failed to take adequate corrective action. Appellant also contends that the verdict was excessive and that the trial court improperly considered the affidavits of the twelve jurors in overruling its motion for new trial. Finding no error, we affirm.

1. During his closing argument to the jury, appellee's counsel stated, " ... I don't know whether you read the newspapers or not. I've tried a lot of lawsuits here at the Muscogee County Courthouse and the Muscogee County State Court, and I love the courthouse. And you know all these verdicts that you've ever read that I've gotten, every one of them — I don't like to say this, but what I'm fixing to say is the truth so help me God. Not one of them has been in the hundreds of thousands of dollars for a black man." Appellant's subsequent motion for mistrial was overruled, and the court instructed the jury "to disregard [counsel's] statement as to big verdicts. I'm also going to ask you to disregard any reference to racial or religious prejudice. If you took any statement he made as suggesting that there has — that racial or religious prejudice is in this case, that you disregard it." Appellant contends that the statement was "ineradicably prejudicial" and was not curable by a rebuke or cautionary instruction from the trial court. We disagree.

The appellate courts of this state have long held that an argument reasonably calculated to appeal to or evoke racial prejudice is improper and that a trial court, in denying a motion for mistrial, must take "some action to prevent unfair prejudice to a party by admonition or rebuke to counsel and/or instruction to the jury with the purpose of eradicating the effect of prejudicial remarks." *Brown v. State,* 110 Ga. App. 401, 406 (138 SE2d 741) (1964). However, " '[t]he trial judge in passing upon a motion for mistrial on account of alleged improper argument or remarks (by counsel) to the jury is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused.' " *J. W. Starr &c.*

*Co. v. York,* 89 Ga. App. 22 (3) (78 SE2d 429) (1953); *Cooper v. State,* 229 Ga. 277 (7) (191 SE2d 27) (1972). We believe the corrective action taken by the trial court in this case effectively removed any harm appellant may have suffered as the result of appellee's remark. *J. W. Starr &c. Co. v. York,* supra. See *Counts v. Moorehead,* 232 Ga. 220 (206 SE2d 40) (1974); *Lucear v. State,* 221 Ga. 572 (2) (146 SE2d 316) (1965); Code § 81-1009. Appellant's first and third enumerations of error are without merit.

2. The evidence showed that appellee was presently employed on a dairy farm in Meriwether County doing "light work" and that he was unable to obtain employment with appellant railroad following his injury. Following the trial court's cautionary instructions, counsel for appellee continued, "I want y'all to understand that nothing I said was intended to put any prejudice into this trial. The only thing that I intended to tell you was this: all I want you to do is I want you to treat that man [appellee] just like you'd treat anybody else. I want to see him treated fairly. And that's not wrong; that's right. And I'll believe in that until the day I die and I'll quit coming down here the day I quit believing that. All I want you to do is to treat Tommie Lee Towns fair [sic]. That's all. That's all I ever meant by my remarks." Also, during his closing remarks to the jury, appellee's counsel made frequent reference to appellee being relegated to working "back down on the plantation" as a result of his injury and the railroad's refusal to rehire him, as well as his lack of education. Reference was also made to mint juleps, magnolias, the "big tree" and a college education for appellee's children so that they would not have to work on the "plantation." At the completion of appellee's closing argument, appellant again moved for a mistrial contending that appellee had improperly appealed to the sympathy of the jurors on the basis of financial need and that appellee's counsel had continued to make remarks having "racial connotations and overtones." The trial court overruled the motion, but in its charge to the jury instructed them not to be governed by bias, prejudice or sympathy. The court had earlier cautioned the jury to disregard any financial testimony relating to appellee.

"We do not think the remarks of counsel were of such character as to require the court to declare a mistrial. A mere flight of oratory of counsel when addressing the jury is not ground for mistrial. Counsel may bring to his use in the discussion of the case well-established historical facts . . . as may be appropriate to the case. It is not impassioned oratory which the law condemns and discredits in the advocate, but it is the introduction of facts not disclosed by the evidence, which requires the judge to use his power of declaring a mistrial. In this connection, see *W. & A. R. Co. v. Cox,* 115 Ga. 715 [(42

SE 74) (1902); *Cawthon v. State,* 71 Ga. App. 497 (7) (31 SE2d 64) (1944); *Hunt v. State,* 64 Ga. App. 324 (2) (13 SE2d 121) (1941).] . . . An examination of the remarks of counsel which are complained of will show that there was no effort to introduce any fact not disclosed by the evidence." *Western & A. R. Co. v. York,* 128 Ga. 687, 689 (58 SE 183) (1907). " 'While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court.' " *Miller v. Coleman,* 213 Ga. 125, 130 (97 SE2d 313) (1957), citing *Owens v. State,* 120 Ga. 209 (3) (47 SE 545) (1904). Appellant's second enumeration of error is meritless.

3. The evidence showed that appellant was injured when he fell while replacing a cable on a ballast regulator when a support chain broke and the platform on which he was standing gave way. Since the accident appellee has been much less active and unable to perform certain tasks around the house which he did before the accident. He has incurred medical bills in excess of $3,000 and has endured continual pain since the time of the accident, pain and numbness in his legs and arms and periodic loss of equilibrium. These symptoms are likely to continue in the future. His condition has been diagnosed as a traumatized disc located in the dorsal spine and there is no permanent treatment for this type of problem. He will never again be able to do the type of heavy work he did with the railroad without experiencing problems.

"Viewing the evidence, as we must, to sustain the verdict, we cannot say that the amount of the verdict warrants our interference, particularly since the trial court approved the verdict in overruling appellant's motion for new trial. Contrary to appellant's contention . . . the award of the jury was [not] 'so excessive as to justify the inference of gross mistake or undue bias.' Code § 105-2015. 'Before the verdict will be set aside on the ground that it is excessive, where there is no direct proof of prejudice or bias, the amount thereof, when considered in connection with all the facts, must shock the moral sense, appear "exorbitant," "flagrantly outrageous," and "extravagent." . . . 'An excessive or inadequate verdict constitutes a mistake of fact rather than of law. It addresses itself to the discretion of the trial judge who saw the witnesses and heard the testimony. This court is a court for the correction of errors of law only, and this court's jurisdiction is confined to the question of whether the trial court abused [her] discretion in overruling the motion for a new trial on this ground. [Cits.] In the present case, where the evidence most favorable to the [appellee] shows painful and permanent injuries with loss of

physical function, it cannot be said that the verdict is excessive as a matter of law.' *St. Paul Fire &c. Ins. v. Dillingham,* 112 Ga. App. 422, 425 (145 SE2d 624) (1965)." *Central of Ga. R. Co. v. Nash,* 150 Ga. App. 68, 71-72 (256 SE2d 619) (1979).

4. "The affidavits of jurors may be taken to sustain but not to impeach their verdict." Code § 110-109. Accordingly, appellant's contention that the trial court erred in considering the affidavits of the twelve jurors who heard this case is not meritorious where the affiants state that each did not consider race in reaching his verdict and was guided only by the evidence in the case and the court's charge thereon. See *Johnson v. State,* 235 Ga. 486 (6) (220 SE2d 448) (1975); *Central of Ga. R. Co. v. Nash,* supra at 72-73.

5. Appellee's motion for damages for delay under Code § 6-1801 is denied. Although we have determined that this appeal has no merit, several enumerations of error were arguable and thus do not warrant a finding that the appeal was interposed solely for the purpose of delay. *Scales v. American Lease Plans,* 153 Ga. App. 670 (3) (266 SE2d 323) (1980).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JUNE 5, 1980 — DECIDED OCTOBER 7, 1980 —

*W. H. Young, III, Jerome M. Rothschild,* for appellant.
*Billy E. Moore, H. Baxter Harcourt,* for appellee.