A93A0563. BERINGAUSE v. FOGLEMAN TRUCK LINES, INC. et al.
(433 SE2d 398)

BEASLEY, Presiding Judge.

Plaintiff Beringause sued defendant trucking company, its driver and insurer, to recover damages for the wrongful death of her husband resulting from a collision between the decedent's car and defendants' truck. A first trial resulted in a defendants' verdict, but judgment was reversed and a new trial ordered because it was deemed reversible error to charge on assumption of the risk. *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822 (409 SE2d 524) (1991). Upon retrial, a jury awarded plaintiff $100,000. She appeals from the denial of her motion for new trial on the issue of damages.

The evidence adduced at the second trial showed that plaintiff's decedent, a Georgia Technical Institute campus police officer, was participating in a caravan of vehicles escorting the Georgia Tech football team from Athens to Commerce. In order, the caravan consisted of two marked Georgia State Patrol cars, two Southeastern Stageline buses, an equipment van and Beringause's security car. They were traveling northbound along a two-lane road, which at times had a third passing lane. Blue police emergency lights were activated on the three police cars as a safety measure to prevent other vehicles from breaking into the procession, to insure the integrity of the convoy.

Defendants' tractor-trailer was traveling southbound, well within

the speed limit, behind a small white car. As the truck crested a hill, the driver observed the blue lights of the convoy approaching from the opposite direction. The first two police cars and the two buses passed the truck. As a van was passing by, the white car slowed or stopped in front of the truck. When the truck driver applied brakes to avoid hitting the white car in front of him, the truck jackknifed and slid across the double yellow line into the oncoming lane, hitting the security car head-on and killing Beringause and a passenger.

Sue Shirley and her daughter Sylvia Thomas were passengers in another vehicle and witnessed the events. Sylvia Thomas testified that the truck jackknifed and slid across the roadway when the truck driver attempted to stop to avoid hitting a white car. Immediately after the collision, she observed a white car stopped in the southbound lane of the roadway and then observed it drive away from the scene. She also testified that the flashing blue lights of the patrol cars in the caravan were the ultimate cause of the accident, in that the white car slowed down in reaction to them, causing the truck driver to brake and skid into oncoming traffic.

Another witness who was driving behind the caravan testified that it "was a spectacle. Everyone was looking to see who, what, when, where, what was going on." It "slowed" and "condensed" traffic in the southbound lane. Members of the caravan straddled their lane and the passing lane, preventing anyone from safely utilizing the passing lane, and at times the caravan exceeded the speed limit. She acknowledged that at one point she was driving behind the caravan at a speed of about 30 miles in excess of the posted limit. She stated: "It was [as] though this group of vehicles owned the road."

1. Enumerations of error 3 and 5 challenge the giving of jury instructions to the effect that plaintiff is barred from recovering if the decedent's negligence was equal to or greater than that of defendants. Although not enumerated as error, plaintiff also asserts that the court erred in giving a charge on avoidance, i.e., that plaintiff may not recover if the decedent by the use of ordinary care could have avoided the consequences. The jury obviously rejected these charges when it returned a verdict in favor of plaintiff. "[C]ase law has long noted that an award of damages 'renders harmless any error committed by the court in charging the jury on . . . contributory negligence. (Cits.)' [Cit.]" *Heath v. L. E. Schwartz & Son*, 199 Ga. App. 452, 453 (405 SE2d 290) (1991). With respect to the avoidance doctrine, the majority stated in *Beringause*, supra at 824: "There is evidence that appellant's decedent may have been negligent in failing to have avoided the collision." Compare *Carrandi v. Sanders*, 188 Ga. App. 562 (1) (373 SE2d 661) (1988).

2. In enumerations of error 4 and 6, plaintiff contends the court erred in instructing the jury on comparative negligence and concomi-

tantly reduction of damages. Their applicability under the evidence, but not their accuracy, is challenged.

"[I]n a case where absolutely no evidence is presented from which a jury could find the plaintiff was negligent, then it is reversible error for the trial court to instruct the jury on comparative negligence. [Cits.] On the other hand, ' "(i)t is a well established rule that an instruction is not abstract or inapplicable where there is any evidence, however slight, on which to predicate it. (Cit.) 'To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it.' (Cits.)" ' [Cit.]" *Jenkins v. Burns*, 202 Ga. App. 579 (415 SE2d 30) (1992).

Evidence of Beringause's participation in the convoy supports an inference of negligence on his part sufficient for the jury in its discretion to reduce plaintiff's damages. *Heath*, supra at 454. "Under the comparative negligence rule, the jury may apportion damages as it determines within its discretion to be proper when the evidence shows all parties' negligence contributed to the injuries, the plaintiff's to a lesser degree than the defendants'. [Cit.]" *Jordan v. Ellis*, 148 Ga. App. 286, 290 (250 SE2d 859) (1978). The charges were not erroneous.

3. Appellant contends in enumerations of error 1 and 7 that the trial court erred in concluding that OCGA § 51-12-12 (b) is inapplicable and abused its discretion in failing to grant a new trial on the question of damages as authorized by that Code section. It provides: "If the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence, the trial court may order a new trial as to damages only, as to any or all parties, or may condition the grant of such a new trial upon any party's refusal to accept an amount determined by the trial court."

Subsection (b) was added by amendment effective July 1, 1987. The present cause of action accrued in 1986. Appellant asserts that the provision is procedural in nature and should be given retroactive effect under *Polito v. Holland*, 258 Ga. 54 (1) (365 SE2d 273) (1988).

In denying the motion for new trial, the court found OCGA § 51-12-12 (b) inapplicable under *Hosp. Auth. of Gwinnett County v. Jones*, 259 Ga. 759 (386 SE2d 120) (1989), aff'd and reinstated, 261 Ga. 613 (409 SE2d 501) (1991), and correctly concluded that even if the act did apply, a new trial on the basis of damages is not authorized. " 'Where "comparative negligence (is) involved under the pleadings and the evidence . . ., a verdict for damages for personal injuries cannot properly be set aside on the ground that the verdict is inadequate." [Cit.]' " *Palo v. Meisenheimer*, 199 Ga. App. 24, 25 (403 SE2d 881) (1991). Accord *Mansfield v. Pizza Hut*, 202 Ga. App. 601, 602

(415 SE2d 51) (1992). It was not an abuse of discretion to refuse a new trial. We need not address the retroactive application of OCGA § 51-12-12 (b).

4. In enumeration of error 2, plaintiff contends the court erred in charging the jury, "it is for you to determine, under the facts and circumstances of the case, whether or not the use of blue lights was done in a negligent manner."

*Beringause*, supra at (5), rejected as inaccurate a jury instruction relating to the use of emergency lights which set forth only defendants' *contention* " 'that (appellant's) decedent . . . was negligent in failing to properly utilize emergency lights. . . .' " On retrial, the court took *Beringause* into consideration by charging that the use of blue lights by itself was not negligent. The objected-to portion of the charge is taken out of context. The full charge on this issue is taken verbatim from the first opinion. It provides: "[T]he mere employment of emergency lights in connection with participation in the convoy would not be an act of contributory negligence on the part of Mr. Beringause. . . ." It is followed by the instruction that it is for the jury to determine whether or not under the evidence the emergency blue lights were employed in a negligent manner.

The evidence supports an inference that the flashing blue lights in connection with other activities of the convoy constituted negligence. Thus, "it cannot be said that there was no evidence at all of negligence on [the decedent's] part. That being so, and it being well settled that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it [cit.], [there is] no error in the giving of [this] charge[ ]." *Ellis v. Dalton*, 194 Ga. App. 114 (389 SE2d 797) (1989). Moreover, under OCGA § 9-11-60 (h) the ruling in *Beringause*, supra, applies in subsequent proceedings which are in the same evidentiary posture. *Bruce v. Garges*, 259 Ga. 268 (2) (379 SE2d 783) (1989). Plaintiff has not demonstrated that the charge was erroneous.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 29, 1993 —

RECONSIDERATION DENIED JULY 14, 1993 — 

*Fletcher Thompson, C. Lawrence Thompson*, for appellant.

*Alembik, Fine & Callner, Lowell S. Fine, G. Michael Banick*, for appellees.