## S96G1658. BRIDGES FARMS, INC. v. BLUE.
(480 SE2d 598)

CARLEY, Justice.

Scott Blue brought suit, seeking to recover for personal injuries he sustained while on property owned by Bridges Farms, Inc. (Farms). The jury returned a general verdict for Blue, and Farms appealed to the Court of Appeals. The Court of Appeals held that the trial court erred in giving a charge on future medical expenses. *Bridges Farm, Inc. v. Blue*, 221 Ga. App. 773, 774 (1) (472 SE2d 465) (1996). Concluding that this error related only to damages and not to liability, however, the Court of Appeals " 'remanded for a new trial, limited solely to the proper amount of damages. [Cit.]' [Cits.]" *Bridges Farm, Inc.*, supra at 775 (1). We granted certiorari and stated the issue to be addressed as:

> Where a general verdict is returned in favor of plaintiff in a trial of a personal injury action, at which trial evidence of plaintiff's comparative negligence was introduced and a charge thereon given, does the reversal by the appellate court on the basis that the trial court erred in instructing on future medical expenses require a new trial as to liability and damages or a new trial only as to the amount of damages?

Georgia does not adhere to the common-law principle of contributory negligence whereby any negligence whatsoever on the part of the plaintiff bars his recovery, but "follows instead the comparative-negligence doctrine, which merely limits the amount of recovery. [Cit.]" *Lassiter v. Poss*, 85 Ga. App. 785, 789 (1) (70 SE2d 411) (1952). Under the comparative-negligence doctrine of this state, a plaintiff whose negligence is less than that of the defendant "is not denied recovery although his damages shall be diminished by the jury in proportion to the degree of fault attributable to him. [Cit.]" *Union Camp Corp. v. Helmy*, 258 Ga. 263, 267 (367 SE2d 796) (1988). "However, where the negligence of the plaintiff and the defendant are equal, or the negligence of the plaintiff is more than that of the defendant, the plaintiff could not recover." *McDowall Transport v. Gault*, 80 Ga. App. 445, 447 (56 SE2d 161) (1949).

Accordingly, in a comparative-negligence case, the recovery of damages and the liability of the defendant are issues which are "inextricably joined." *Thomas v. Clark*, 188 Ga. App. 606, 608 (1) (373 SE2d 668) (1988). The negligent defendant's liability for damages is dependent upon the extent of the negligence of the plaintiff. If the negligence of the plaintiff equals or exceeds that of the defendant, the defendant is not liable to that negligent plaintiff. It follows that

reversal of the judgment entered on a general verdict returned for the plaintiff in a case in which comparative negligence will be an issue on retrial necessarily mandates that the retrial encompass both the issues of damages and liability. Cf. *Bunch v. Mathieson Drive Apts.*, 220 Ga. App. 855, 859 (2) (470 SE2d 895) (1996). Compare *West v. Nodvin*, 196 Ga. App. 825, 826 (2) (a) (397 SE2d 567) (1990) (default judgment). On retrial, the issue of damages cannot be addressed without also addressing the extent to which each party's negligence proximately caused the injury to the plaintiff.

Here, comparative negligence was raised by the evidence and the trial court properly charged on that issue. Our review of the transcript shows that the Court of Appeals correctly found reversible error in the trial court's giving of a charge on future medical expenses. However, the Court of Appeals erred in limiting its remand to a new trial solely on the issue of damages. A new trial on the issue of the damages to which Blue is entitled will necessarily include a new trial on the issue of Farm's and Blue's respective negligence and, hence, a new trial on the issue of liability for Blue's injury.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED FEBRUARY 17, 1997.

*John T. Croley, Jr.,* for appellant.
*John D. Varnell,* for appellee.