## A96A0551. BRIDGES FARM, INC. v. BLUE.
### (488 SE2d 130)

McMURRAY, Presiding Judge.

Plaintiff-appellee Scott Wayne Blue obtained a verdict against defendant-appellant Bridges Farm, Inc., awarding plaintiff damages for personal injuries. In *Bridges Farm v. Blue*, 221 Ga. App. 773, 774 (1), 775 (472 SE2d 465), this Court affirmed the judgment in part based on the existing jury verdict finding defendant liable for plaintiff's injuries but reversed in part due to an unauthorized instruction as to future medical expenses. The case was remanded for a new trial, limited solely to the proper amount of damages. Id. Certiorari was granted to consider whether, in Division 1, "reversal by the appellate court on the basis that the trial court erred in instructing on future medical expenses require[s] a new trial as to liability and damages or a new trial only as to the amount of damages[.]" In *Bridges Farms v. Blue*, 267 Ga. 505 (480 SE2d 598), the Supreme Court of Georgia affirmed in part and reversed in part, reasoning that, in a comparative negligence case, the recovery of damages and the liability of the defendant are "issues which are 'inextricably joined.' [Cit.]" Id. The Supreme Court further determined that "comparative negligence was raised by the evidence and the trial court properly charged on that issue. [The Supreme Court's] review of the transcript show[ed] that the Court of Appeals correctly found reversible error in the trial court's giving of a charge on future medical expenses. However, the Court of Appeals erred in limiting its remand to a new trial solely on the issue of damages. A new trial on the issue of the damages to which [plaintiff] Blue is entitled will necessarily include a new trial on the issue of [defendant] Farm's and Blue's respective negligence and, hence, a new trial on the issue of liability for Blue's injury." Id. at 506. Accordingly, our prior judgment is vacated and the judgment of the Supreme Court is made the judgment of the Court of Appeals. The judgment of the trial court is reversed.

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED MARCH 28, 1997.

*John T. Croley, Jr.*, for appellant.
*John D. Varnell*, for appellee.