## A97A0645. HEAD v. CSX TRANSPORTATION, INC.
### (490 SE2d 497)

SMITH, Judge.

This appeal presents the issue of whether a trial judge, who did not preside at trial, was authorized to overturn the predecessor judge's grant of a new trial on the issue of damages only. Because the parties have never disputed that the issue of comparative negligence was involved in this case, we conclude that the first trial court abused its discretion and that the successor court was authorized to reinstate the jury's award.

John Head sought damages under the Federal Employers' Liability Act (FELA), 45 USC § 51 et seq., from CSX Transportation, Inc. for damages he sustained when an air hose struck his head. CSX denied liability and affirmatively alleged contributory and comparative negligence. The case proceeded to trial, and a jury awarded Head $8,000 in damages. Head filed a motion for new trial on the issue of damages only pursuant to OCGA § 51-12-12 or, in the alternative, for new trial. The basis of his motion for new trial on damages only was that the jury's award was inconsistent with the preponderance of the evidence. The trial court granted Head's motion on the issue of dam-

ages only.[1] CSX moved for reconsideration, which was denied. After a new trial judge was assigned to the case, CSX again filed a motion for reconsideration, which the successor court granted. Concluding that the issue of comparative negligence was contested at trial and the grant of Head's motion for new trial was therefore improper, the court reinstated the jury verdict. This appeal by Head ensued.

1. It is true that OCGA § 5-5-50, cited by Head and also by the dissent, provides that "[t]he first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." In addition, as argued by Head, a trial court's grant or denial of a motion for new trial generally is discretionary and will not be disturbed if any evidence supports that decision. *Professional Consulting Svcs. v. Ibrahim*, 206 Ga. App. 663, 665 (1) (426 SE2d 376) (1992). But Head ignores the well-settled case law that a trial court's discretion is not unfettered and that this general discretion reserved to the trial court is limited in damages cases involving comparative negligence. As stated in *Beringause v. Fogleman Truck Lines*, 209 Ga. App. 470, 472-473 (3) (433 SE2d 398) (1993), "where comparative negligence is involved under the pleadings and the evidence, a verdict for damages for personal injuries cannot properly be set aside on the ground that the verdict is inadequate." (Citations and punctuation omitted.) See also *Mansfield v. Pizza Hut &c.*, 202 Ga. App. 601, 602 (415 SE2d 51) (1992); *Palo v. Meisenheimer*, 199 Ga. App. 24, 25 (3) (403 SE2d 881) (1991); *Stroud v. Woodruff*, 183 Ga. App. 628, 630 (5) (359 SE2d 680) (1987).

CSX raised comparative negligence as an affirmative defense, evidence was presented in support of this defense,[2] the jury was

---

[1] We note that after the trial judge granted Head's motion, CSX moved for reconsideration on the ground that OCGA § 51-12-12 is not applicable in a FELA case under the authority of *Central of Ga. R. Co. v. Carter*, 212 Ga. App. 528 (442 SE2d 269) (1994). That case recites the general rule concerning the jury's damages award in a FELA case: "[T]he jury's determination of the amount of damages to be awarded is inviolate, absent an award so excessive or inadequate as to shock the judicial conscience and raise an irresistible inference that passion, prejudice or another improper cause invaded the trial." (Citation and punctuation omitted.) Id. at 530 (3). Apparently in response to this motion, the original trial court entered another order reciting that the jury's verdict "is inconsistent with the preponderance of the evidence, that it would be a denial of justice to permit it to stand, and that the verdict is shockingly inadequate so as to raise an irresistible inference that an improper cause or mistake invaded the trial."

[2] Evidence was presented that Head, the train's conductor, set the train in motion and then leaned in toward the moving engine to place a "chock" at the wheel of the car. He was injured when an airbrake hose between the engine and car automatically disconnected and the hose struck his head. The jury was charged that should it find that Head contributed to his own injury, it must reduce its award of damages by an amount equal to the percentage of fault or contributory negligence chargeable to Head.

charged on the principle, and the parties have not disputed the presence of comparative negligence as an issue in the case. Under the rule that a damages verdict may not be set aside where comparative negligence is involved, the trial court was not authorized to grant a new trial on the issue of damages. The fact that cases such as *Beringause* and other cases cited above approve the presiding judge's denial of a new trial (as opposed to disapproving the presiding judge's grant of the motion here) does not render those cases inapt, contrary to Head's argument. The rule is not so narrowly drawn. In fact, it appears that the principle that a new trial on damages alone is not authorized in cases involving comparative negligence was stated as long ago as *Flanders v. Meath*, 27 Ga. 358 (1859). In that case, the Supreme Court reversed the trial court's grant of a motion for new trial where it was clear that the plaintiff contributed to her own injury.

We note Head's argument that the successor trial court failed to exercise its discretion or to inquire into the first trial court's discretion because the successor court did not have available the trial transcript for its review. Head further argues that the successor court should not have reinstated the jury's verdict because the first court heard the testimony and observed the witnesses. The fact that the successor court did not preside over the trial is not relevant here; the issues raised by the parties' post-trial motions did not involve assessment of the credibility and demeanor of witnesses. And unlike *Seaboard Coast Line R. v. Towns*, 156 Ga. App. 24 (274 SE2d 74) (1980), cited by Head, which does not address comparative negligence or otherwise indicate that the plaintiff was contributorily negligent, the issue of comparative negligence *is* involved in this case. In addition, lack of a transcript for the successor court's review does not change the result here, because the fact that this case involves comparative negligence issues has not been disputed below or on appeal.

With regard to the issue of whether the successor trial judge was authorized to revisit the first judge's grant of a new trial, *Throgmorton v. Trammell*, 90 Ga. App. 433 (83 SE2d 256) (1954) shows that a judge who did not preside over a trial may entertain a motion for new trial. Id. at 434-435. It is true, as argued by Head, that the scope of the successor judge's discretion is less extensive than that of the judge who presided at trial, because the presiding judge "heard and observed the witnesses and . . . in a sense, is to be considered as the thirteenth member of the jury." Id. at 435. But as observed above, witness credibility and demeanor are not at issue here with regard to Head's motion. The issue here was the grant of a new trial on the issue of damages, and it involved comparative negligence, a question of law. Under the rule of *Beringause*, supra, the original trial court simply was not authorized to grant a new trial on

this issue.

2. Head also argues that CSX is estopped by laches from challenging the original trial court's order granting a new trial. This argument has no merit because "laches is not a remedy for delay *during* litigation, but is an affirmative defense asserting an inequitable delay in *instituting* a proceeding. OCGA §§ 9-9-3; 9-11-8 (c)." (Emphasis supplied.) *Stuckey v. Storms*, 265 Ga. 491 (1), 492 (458 SE2d 344) (1995). Moreover, even if this were not the rule, the record belies any contention that CSX unfairly delayed action in response to the grant of a new trial; it filed its motion for reconsideration within a month of the trial court's grant of Head's motion. After a new trial judge was assigned to the case, CSX filed another motion for reconsideration.

*Judgment affirmed. Andrews, C. J., Birdsong, P. J., and Ruffin, J., concur. McMurray, P. J., Beasley and Eldridge, JJ., dissent.*

McMurray, Presiding Judge, dissenting.

There is a line of cases stating that where comparative negligence is involved under the pleadings and evidence, it is improper for a trial court to grant a new trial on the basis that the jury verdict for damages for personal injuries is inadequate. The order of the second trial judge granting the supplemental motion for reconsideration and reinstating the jury verdict was explicitly predicated on this rule.

Recent decisions following this rule include *Beringause v. Fogleman Truck Lines*, 209 Ga. App. 470, 472 (433 SE2d 398); *Palo v. Meisenheimer*, 199 Ga. App. 24 (403 SE2d 881); and *Stroud v. Woodruff*, 183 Ga. App. 628 (359 SE2d 680). However, each of these cases, and many others, merely approved of a trial court's denial of a motion for new trial. Insofar as I am able to determine, at least since the adoption of the proposition that the first grant of a motion for new trial will not be disturbed by an appellate court as now contained in OCGA § 5-5-50, the above rule has not been applied by an appellate court to overturn a grant of a motion for new trial.

Indeed, I am aware of only one case where this rule may have been applied for this purpose. In *Flanders v. Meath*, 27 Ga. 358 (1859), the jury awarded an adolescent plaintiff $50 for injuries she received from the dray of defendant, the child's representative moved for a new trial maintaining that the damages as found in the verdict were inadequate, and the motion for new trial was granted. The Supreme Court reversed the grant of that plaintiff's motion for new trial, noting that there was evidence of the child's own negligence in running in front of the dray. That decision states both a rule of law substantially the same as our current rule of comparative negligence along with a conclusion that the fault for the child's injuries was wholly upon the child and that the small verdict to which the defendant acquiesced was more than to what the child was entitled. None-

theless, whatever the true holding of that case, it should not be viewed as controlling in the present appeal since it preceded the 1895 statutory enactment of the earliest versions of the concept now contained in OCGA § 5-5-50, and also predates the decision of *Sparks v. Noyes*, 64 Ga. 437 (1879) which is attributed by some as the source from which the statutory provision is derived.

Plaintiff argues that the decision on a motion seeking a first grant of a new trial is discretionary and that while the appellate courts may find no abuse of discretion in the denial of a motion for new trial grounded on inadequate damages when comparative negligence is an issue, such is not authority for the proposition that this result is required. I agree. The overall scheme provides a wide range of discretion to the trial court to grant a motion for new trial based on factual issues. See OCGA § 5-5-50, which provides the first grant of a new trial shall not be disturbed by an appellate court unless the law and facts require the verdict returned by the jury. The proper amount of damages is a factual issue. *Atlanta Transit System v. Robinson*, 134 Ga. App. 170, 171 (1) (213 SE2d 547).

Application of the proper rule is somewhat complicated by the fact that this is a FELA case. The revised OCGA § 51-12-12 has been held inapplicable to FELA cases, and a federally mandated standard of review for the amount of damages in FELA cases remains applicable. In FELA cases the jury determination of damages is inviolate absent an award so excessive or inadequate as to shock the judicial conscience and raise an irresistible inference that passion, prejudice or another improper cause invaded the trial. *Central of Ga. R. Co. v. Carter*, 212 Ga. App. 528, 530 (3) (442 SE2d 269). Nonetheless, this FELA standard of review has been held to be consistent with the former Georgia standard as stated in OCGA § 51-12-12 prior to the 1987 revision of that statute. *CSX Transp. v. Snead*, 219 Ga. App. 491, 495-496 (4) (465 SE2d 690).

In *Blanchard v. Westview Cemetery*, 133 Ga. App. 262, 263-264 (1) (211 SE2d 135), this Court held that even where the evidence may demand a finding that defendant is liable to plaintiff, a verdict in the amount found by the jury is not demanded and the trial court has the discretion to grant a new trial even though the jury verdict does not suggest bias and prejudice on the part of the jury. The significance of this decision is that it clearly shows that the discretion attributed to the trial court under the language now stated in OCGA § 5-5-50 prevails over the language in the former OCGA § 51-12-12 which would require preserving a jury verdict in the absence of an inference of mistake or bias. Since the FELA standard of review stands in the shoes of the former Georgia standard, it too should yield to the grant of discretion in OCGA § 5-5-50.

And no reason has been stated in any previous case to curtail the

trial court's discretion in the particular instance of comparative negligence cases involving allegedly inadequate damage awards. Therefore, I would hold that a grant of a new trial was not precluded simply on this basis. In my view, the second trial judge relied on an erroneous interpretation of Georgia law. Therefore, I respectfully dissent.

I am authorized to state that Judge Beasley and Judge Eldridge join in this dissent.

DECIDED JULY 16, 1997 —
RECONSIDERATION DENIED JULY 31, 1997 — 

*Taylor, Harp & Callier, John A. Harp, Jefferson C. Callier*, for appellant.

*Casey, Gilson & Williams, Robert E. Casey, Jr., James E. Gilson, Matthew P. Stone, Sandra Gray*, for appellee.