## A97A0645. HEAD v. CSX TRANSPORTATION, INC.
### (508 SE2d 760)

SMITH, Judge.

In *Head v. CSX Transp.*, 227 Ga. App. 818 (490 SE2d 497) (1997), John Head appealed the trial court's reinstatement of the jury's $8,000 verdict against CSX in his personal injury Federal Employers' Liability Act (FELA) claim. Id. at 818-819. This reinstatement occurred after the original trial judge granted Head's motion for new trial on damages only. Id.[1] We concluded that the successor trial judge was authorized to make this ruling because comparative negligence was an issue and therefore a new trial was precluded under the rationale of *Beringause v. Fogleman Truck Lines*, 209 Ga. App. 470, 472-473 (3) (433 SE2d 398) (1993). See also *Palo v. Meisenheimer*, 199 Ga. App. 24, 25 (3) (403 SE2d 881) (1991). The Supreme Court granted Head's petition for writ of certiorari and has remanded the case to this Court for reconsideration in light of *Robinson v. Star Gas*, 269 Ga. 102 (498 SE2d 524) (1998) and *Bridges Farms v. Blue*, 267 Ga. 505 (480 SE2d 598) (1997). In *Robinson*, the Supreme Court disapproved cases such as *Beringause* and *Palo* insofar as they stand for the proposition that "inadequate comparative negligence damage awards are categorically precluded from review under OCGA § 51-12-12." *Robinson*, supra at 104. The Supreme Court in *Robinson* also held, relying on *Bridges*, supra, that the grant of a new trial under OCGA § 51-12-12 (b) in a case involving comparative negligence issues necessitates a new trial on liability as well as damages. *Robinson*, supra at 105. We conclude that *Robinson* and *Bridges* do not require reversal in this case.

It is clear, in light of *Robinson*, that the successor trial court erred in reasoning that the existence of comparative negligence issues precluded the grant of a new trial. But a trial court's ruling may be affirmed if it is right for any reason. *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991). And we conclude that the trial court nevertheless correctly reinstated the jury's verdict in this case. "In FELA cases, the jury's determination of the amount of damages to be awarded is inviolate, absent an award so excessive or inadequate as to shock the judicial conscience and raise an irresistible inference that passion, prejudice or another improper cause invaded the trial. Because questions as to the proper measure of damages in FELA cases are governed by general principles of law

---

[1] The procedural posture of this case in the trial court is somewhat unusual, as two different judges ruled on motions filed by the parties. The trial judge who heard the evidence and granted Head's motion for new trial was removed from office. See *In the Matter of: Inquiry Concerning a Judge*, 265 Ga. 843 (462 SE2d 728) (1995). A successor trial judge then granted the motion for reconsideration filed by CSX, which is the subject of this appeal.

established by the federal courts, the revision of OCGA § 51-12-12 in 1987 did not modify the principles applicable to FELA cases. And . . . this standard is the same regardless of whether it is being applied by a trial court on motion for new trial or by the appellate court on appeal." (Citations, punctuation and footnote omitted.) *Central of Ga. R. Co. v. Carter*, 212 Ga. App. 528, 530 (3) (442 SE2d 269) (1994).[2]

We can no longer hold that comparative negligence principles preclude the grant of a new trial. But the jury was authorized to consider the effect of Head's contributory negligence when awarding damages. See *Hickox v. Seaboard System R.*, 183 Ga. App. 330-331 (358 SE2d 889) (1987) (where employee contributorily negligent, damages to be diminished by jury in proportion to negligence attributable to employee). Evidence was presented that Head was attempting to "chock" a moving railroad car, despite safety precautions in his rule manual prohibiting such behavior, when an air hose broke loose and injured him.[3] In light of this evidence, in addition to medical evidence concerning the extent of Head's physical injuries, the jury's award fell within the range of evidence presented and was not so "inadequate as to shock the judicial conscience and raise [the] irresistible inference that passion, prejudice or another improper cause invaded the trial." (Citations and punctuation omitted.) *Carter*, supra at 530 (3). The original trial judge therefore abused her discretion in granting Head's motion for new trial, and the successor judge correctly reinstated the jury's verdict.

*Judgment affirmed. Andrews, C. J., and Senior Appellate Judge Harold R. Banke concur. Beasley, J., concurs specially. McMurray, P. J., Ruffin and Eldridge, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I agree that the lower court reinstatement of the jury verdict and the judgment entered thereon should be affirmed, but upon a somewhat different analysis than presented in the majority opinion.

The dissent is correct that the excessiveness or inadequacy of an amount awarded in a verdict is initially a question of fact when raised in a motion for new trial to the trial judge. "An excessive or

---

[2] As noted in the previous appearance of this case, after the original trial judge granted Head's motion for new trial, CSX moved for reconsideration on the basis of the standard for granting a new trial in FELA cases. 227 Ga. App. at 819, n. 1. That judge then entered another order stating that the jury's verdict " 'is inconsistent with the preponderance of the evidence, that it would be a denial of justice to permit it to stand, and that the verdict is shockingly inadequate so as to raise an irresistible inference that an improper cause or mistake invaded the trial.' " Id.

[3] "Chocking" involves the placement of wood under a railroad car wheel to keep the car from moving.

inadequate verdict constitutes a mistake of fact rather than of law. It addresses itself to the discretion of the trial judge who saw the witnesses and heard the testimony."[4] "[W]here no prejudice or bias or corrupt means in reaching the verdict appear, we [as a court for correction of errors of law] are not authorized to set it aside as being excessive [or inadequate]."[5] Our power is likewise limited when reviewing the trial court's decision on the issue for abuse of discretion.[6]

That is true whether the case is a FELA case and thus subject to the standard articulated in *Central of Ga. R. Co. v. Carter*[7] or a non-FELA case and thus subject to OCGA § 51-12-12. In this regard the trial court acts somewhat as a thirteenth juror and then applies the court's conscience to the facts as it finds them to be. Thereby it "approves" the verdict, in the word of the Supreme Court of Georgia,[8] according to the presiding judge's conscience, which means "the sense of right or wrong within the individual."[9] But in acting as a factfinder, the Supreme Court has cautioned that "Georgia's courts 'should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case.' "[10] Although the Supreme Court was referring to OCGA § 51-12-12 (a), which does not apply in this FELA case, the universality of the principle suggests that the same deference be given in FELA cases.

The law gives the judge who presides at a trial the authority to "exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding."[11] It is that judge who represents the conscience of the court and thus is empowered to grant a new trial "even though the evidence is sufficient to support the verdict."[12] As the Supreme Court so eloquently stated: "Ours [as an appellate court] is the function merely to see that the law is followed. Theirs is the solemn responsibility to see to it that justice is administered according to the evidence as well as the law."[13] The Court of

---

[4] *St. Paul Fire &c. Ins. Co. v. Dillingham*, 112 Ga. App. 422, 425 (145 SE2d 624) (1965).
[5] (Citations and punctuation omitted.) *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508, 513 (10) (359 SE2d 351) (1987).
[6] *Wilson v. Dunaway*, 112 Ga. App. 241, 246-247 (8) (144 SE2d 542) (1965). See also *Seaboard Air Line R. Co. v. Vaughn*, 19 Ga. App. 397, 398 (3) (91 SE 516) (1916).
[7] 212 Ga. App. 528, 530 (3) (442 SE2d 269) (1994).
[8] *Mills v. State*, 188 Ga. 616, 625 (4 SE2d 453) (1939).
[9] Webster's Third New International Dictionary.
[10] (Citation omitted.) *Robinson v. Star Gas*, 269 Ga. 102, 104 (498 SE2d 524) (1998).
[11] OCGA § 5-5-21.
[12] (Citation omitted.) *Mills*, supra, 188 Ga. at 623.
[13] Id.

Appeals, like the Supreme Court, is a court for the correction of errors of law only.[14]

The judge who presided over Head's case did grant him a new trial upon his motion, but the problem is that she granted it for damages only, thus establishing liability as the law of the case and cutting off the right of the defendant to have a second opportunity to persuade a jury there was none or that Head's negligence accounted for a higher proportion of the damages.[15] In granting a limited new trial, the judge denied Head's alternative motion for an entire new trial. The Supreme Court has ruled that "when a Georgia court grants a new trial under OCGA § 51-12-12 (b) in a case involving comparative negligence, that trial must necessarily encompass issues of liability and damages."[16] The same principle applies to FELA cases, in which the issues of liability and damages likewise are "inextricably joined."[17]

Thus the trial judge's role as the court's conscience was exceeded as a matter of law, and the judge later assigned to the case was compelled to vacate her order as a matter of law. The second judge sat in an appellate capacity because he had not tried the case and thus was not to disturb the grant of a new trial by the judge who exercised the court's conscience, taking into account her assessment of the evidence. Instead, he was limited to determining whether she had abused her discretion or otherwise exceeded her authority to grant a new trial, as we are limited by OCGA § 5-5-50. She had done so, not because the evidence did not warrant a finding of unjust inadequacy but rather because she impermissibly limited the scope of the trial.

Were we, or the second judge on the superior court for that matter, to address whether the trial judge abused her discretion on the issue of inadequacy of verdict, we would be confined to determining whether it was *not* inadequate as a matter of law.[18] In *Central of Ga. R. Co. v. Carter*, it may appear that this Court was acting as would the trial court when it stated that "whether [the standard of exces-

---

[14] *Sturdy v. State*, 192 Ga. App. 71, 72 (383 SE2d 632) (1989); *Barkwell v. Helms*, 140 Ga. App. 273, 274 (231 SE2d 5) (1976).

[15] "The contributory negligence of the plaintiff/employee 'shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. . . .' 45 USCA § 53." *Hickox v. Seaboard System R.*, 183 Ga. App. 330 (358 SE2d 889) (1987).

[16] (Citations omitted.) *Robinson*, supra, 269 Ga. at 105; *Bridges Farms v. Blue*, 267 Ga. 505 (480 SE2d 598) (1997).

[17] (Punctuation omitted.) *Robinson*, supra, 269 Ga. at 105.

[18] See, e.g., *Dillingham*, supra, 112 Ga. App. at 425, where the trial judge denied a motion for new trial brought on the ground of excessiveness and this Court affirmed because, recognizing its limited power as a court for correction of errors of law only, it concluded that "it cannot be said that the verdict is excessive as a matter of law." Accord *Southeastern Security Ins. Co. v. Hotle*, 222 Ga. App. 161, 165 (2) (473 SE2d 256) (1996).

siveness or inadequacy] is being applied by a trial court on motion for new trial or by the appellate court on appeal" it is the same, and that in examining the evidence it found that "[t]he verdict in this case is not shocking and is consistent with the preponderance of evidence in the case."[19] In truth, that factfinding mission belongs to the trial court alone, and all this Court could do was assure that the evidence displayed upon the written record did not compel a conclusion of excessiveness as a matter of law. The standard of review differs from the standard to be applied by the trial court.

We need not remand the case to the trial court for the successor judge to reconsider the motion for new trial on the theory that the first ruling was invalid. Since the ground asserted was that the verdict was shockingly inadequate (" 'inconsistent with the preponderance of the evidence' "[20]), which is a matter of fact, the successor judge would have to make such finding upon conflicting evidence. That the judge cannot do from the cold record. Of course, a successor judge may rule on a motion for new trial, " 'but the scope within which the discretion may be exercised, in the consideration of the evidence, by a judge who did not preside at the trial is not as extensive as in the case of the judge who heard and observed the witnesses and who, in a sense, is to be considered as the thirteenth member of the jury.' "[21] In this case particularly, where comparative negligence and the related proportionality aspect of damages played a part, the limited discretion of a successor judge, remote from trial, to reject the jury's verdict and grant a new trial on the ground asserted would be nil.

In connection with this point I disagree with the statement made in the first opinion in this case, that "the issues raised by the parties' post-trial motions did not involve assessment of the credibility and demeanor of witnesses."[22] In any event, this appellate court exceeds its role when it exercises a judicial conscience and weighs the evidence, as has been done in the majority opinion. If anyone should do that, it is a successor trial court judge. But as demonstrated above, that would lead inevitably to a denial of the motion.

McMURRAY, Presiding Judge, dissenting.

Once more I find myself unable to embrace the majority position in this appeal from the trial court's reinstatement of a jury verdict. The underlying theme in my prior dissent (*Head v. CSX Transp.*, 227

---

[19] 212 Ga. App. at 530 (3).

[20] *Head v. CSX Transp.*, 227 Ga. App. 818, 819, n. 1 (490 SE2d 497) (1997).

[21] (Citations omitted.) *Throgmorton v. Trammell*, 90 Ga. App. 433, 435 (2) (a) (83 SE2d 256) (1954).

[22] *Head v. CSX Transp.*, supra, 227 Ga. App. at 820 (1).

Ga. App. 818, 821 (490 SE2d 497)) now becomes the central issue upon which I rely. Simply put, I must urge that an appropriate deference to the decision of the trial court in granting plaintiff's motion for new trial cannot be reasonably avoided.

In order to determine whether the trial court was authorized to conclude that the jury verdict was inadequate under the federally mandated standard requires a weighing of the evidence. The majority quotes and relies upon a statement from *Central of Ga. R. Co. v. Carter*, 212 Ga. App. 528, 530 (3) (442 SE2d 269), that the standard applicable to the review of the adequacy of jury verdicts in Federal Employers' Liability Act ("FELA") cases is "the same regardless of whether it is being applied by a trial court on motion for new trial or by the appellate court on appeal." Id. at 530. I submit that, except in instances where there is direct proof of improper cause, the goal reflected in this statement is unrealistic since there are no objective criteria governing the task and the appellate courts lack the perspective of a trial judge who has observed the demeanor and conduct of the witnesses. The process of reviewing the adequacy of the verdict in a FELA case is more aptly described as being a matter which "is, by law, governed by judicial subjectivity in a realm absent objective criteria." *Southern R. Co. v. Minor*, 196 Ga. App. 183, 186 (4) (395 SE2d 845).

Thus, I continue to maintain that the task of reviewing the adequacy of verdicts in FELA cases must rest in the first instance with the trial courts and that our review of decisions on this issue attribute to the trial courts an appropriate discretion in this matter. In my earlier dissent, I argued that these issues should be viewed as being governed by OCGA § 5-5-50. However, whether or not that suggestion was correct, practical necessity suggests a similar scheme, and this has been our law even prior to enactment of the statute. *Sparks v. Noyes*, 64 Ga. 437 (1879).

Furthermore, the FELA standard of review has been held to be consistent with the former Georgia standard as stated in OCGA § 51-12-12 prior to the 1987 revision of that statute. And with respect to OCGA § 51-12-12, it has been recently noted that an excessive or inadequate verdict constitutes a mistake of fact, not law, which addresses itself to the discretion of the trial judge who saw the witnesses and heard the testimony, and that this Court's jurisdiction is confined to the question of whether the trial court abused discretion in ruling on the motion challenging the adequacy of the verdict. *Southeastern Security Ins. Co. v. Hotle*, 222 Ga. App. 161, 165 (2) (473 SE2d 256).

In the case sub judice, the amended grant of new trial reflected application of the correct federal standard of review by stating that the trial court found the jury verdict to be " 'inconsistent with the

preponderance of the evidence, that it would be a denial of justice to permit it to stand, and that the verdict is shockingly inadequate so as to raise an irresistible inference that an improper cause or mistake invaded the trial.'" *Head v. CSX Transp.*, 227 Ga. App. 818, 819, n. 1, supra. There being no abuse of discretion on the face of the record and since the evidence did not demand the verdict returned by the jury, the trial court's order granting the motion for new trial should not have been disturbed.

The order of the subsequent trial court judge reinstating the jury's verdict was predicated on an erroneous theory of law and should be reversed. See *Robinson v. Star Gas*, 269 Ga. 102, 105 (498 SE2d 524).

I am authorized to state that Judge Ruffin and Judge Eldridge join in this dissent.

DECIDED NOVEMBER 4, 1998 —
RECONSIDERATION DENIED NOVEMBER 25, 1998

*Taylor, Harp & Callier, John A. Harp, Jefferson C. Callier*, for appellant.

*Casey, Gilson & Williams, Robert E. Casey, Jr., James E. Gilson, Matthew P. Stone, Sandra Gray*, for appellee.