## S99G0441. HEAD v. CSX TRANSPORTATION, INC.
### (524 SE2d 215)

THOMPSON, Justice.

This case is before the Court from the grant of a writ of certiorari to the Court of Appeals in *Head v. CSX Transp.*, 235 Ga. App. 469 (508 SE2d 760) (1998), to determine the correct standard of review in cases brought under the Federal Employers' Liability Act ("FELA"), 45 USC § 51.

This matter has been reviewed by our appellate courts on several occasions. John Head brought this FELA action against his employer CSX Transportation, Inc. ("CSX") after he suffered a work related injury. The case was tried to a jury which returned a verdict for Head in the amount of $8,000. Head filed a motion for new trial as to all issues, or, alternatively, on the issue of damages only. The trial judge determined that the verdict was inconsistent with the preponderance of the evidence and shockingly inadequate so as to raise an inference that an improper cause or mistake invaded the trial, and granted a new trial on the issue of damages only. CSX unsuccessfully moved for reconsideration.

At some point during these proceedings, the trial judge was removed from office and a successor judge was appointed to the case; CSX again moved for reconsideration. The successor judge granted the motion and reinstated the jury verdict and judgment, ruling that a new trial cannot be granted where comparative negligence is a defense. The Court of Appeals affirmed. *Head v. CSX Transp.*, 227 Ga. App. 818 (490 SE2d 497) (1997) (*"Head I"*). This Court granted

certiorari, and remanded to the Court of Appeals for reconsideration of the merits in light of *Robinson v. Star Gas &c.*, 269 Ga. 102 (498 SE2d 524) (1998) (inadequate comparative negligence damage awards are not categorically precluded from review) and *Bridges Farms v. Blue*, 267 Ga. 505 (480 SE2d 598) (1997) (the grant of a new trial in a comparative negligence case necessitates a new trial on both liability and damages) (*Head v. CSX Transp.*, Case No. S97C1949, granted and remanded March 3, 1998).

On remand, the Court of Appeals determined that *Robinson* and *Bridges* do not require reversal. *Head v. CSX Transp.*, 235 Ga. App. 469, supra (*"Head II"*). In so ruling, the Court of Appeals assessed evidence of comparative negligence and determined that a new trial was not demanded because the jury's award fell within the range of evidence and was not so inadequate as to shock the judicial conscience under the standard of *Central of Ga. R. Co. v. Carter*, 212 Ga. App. 528 (3) (442 SE2d 269) (1994). *Head II* at 470. It also concluded that the *Carter* standard of review "is the same regardless of whether it is being applied by a trial court on motion for new trial or by the appellate court on appeal." Id. at 530. Finally, the Court of Appeals ruled that the original trial judge abused her discretion in awarding a new trial and the successor judge correctly reinstated the verdict. Id. Once again, this Court granted certiorari.

1. In reviewing a motion for new trial in a FELA action based either on excessiveness or inadequacy of the verdict, the trial judge is bound by the standard set forth in *Seaboard System R. v. Taylor*, 176 Ga. App. 847, 849 (2) (338 SE2d 23) (1985):

> "Before the verdict will be set aside on the ground that it is excessive [or inadequate], where there is no direct proof of prejudice or bias, the amount thereof, when considered in connection with all the facts, must shock the moral sense, [and] appear . . . 'flagrantly outrageous.' . . . 'It must be monstrous indeed and such as all mankind must be ready to exclaim against at first blush.' It must carry its death warrant upon its face." [Cits.]

Accord *Norfolk Southern R. Co. v. Jones*, 219 Ga. App. 602, 608 (4) (466 SE2d 260) (1995); *Central of Ga. R. Co. v. Carter*, supra at 530 (3) (it must be "so excessive or inadequate as to shock the judicial conscience and raise an irresistible inference that passion, prejudice or another improper cause invaded the trial").[1]

---

[1] As recognized in *Carter*, supra, the measure of damages in a FELA action is governed by general principles of federal law, and the lesser standard embodied in OCGA § 51-12-12 (a) is not applicable to actions under the FELA.

The decision to grant a new trial is addressed to the sound discretion of the judge who saw the witnesses and heard the testimony. *Seaboard Coast Line R. v. Towns*, 156 Ga. App. 24 (274 SE2d 74) (1980).

> Before a verdict becomes final it should . . . receive the approval of the mind and conscience of the trial judge. He is sometimes spoken of as the thirteenth juror. Until his approval is given, the verdict does not become binding, in a case where a motion for a new trial contains the general grounds.

*Seaboard Air-Line R. Co. v. Benton*, 43 Ga. App. 495, 505 (159 SE 717) (1931), rev'd on other grounds, *Seaboard Air-Line R. Co. v. Benton*, 175 Ga. 491 (165 SE 593) (1932). Thus, in a FELA action a trial court has broad discretionary authority, within the limitations of *Taylor*, supra, and its progeny, to set aside any judgment it considers inadequate or excessive and not supported by the evidence.

2. As for the scope of discretion on the part of the successor judge to overturn the first grant of a new trial by the presiding judge, we approve the analysis in *Throgmorton v. Trammell*, 90 Ga. App. 433, 435 (2) (a) (83 SE2d 256) (1954):

> [T]he scope within which the discretion may be exercised, in the consideration of the evidence, by a judge who did not preside at the trial is not as extensive as in the case of the judge who heard and observed the witnesses and who, in a sense, is to be considered as the thirteenth member of the jury.

3. A different standard applies on review by our appellate courts. The first grant of a new trial will not be disturbed by our appellate courts unless it can be shown that the trial court abused its discretion in granting it and that the law and the facts require the verdict. OCGA § 5-5-50. Accordingly, the jurisdiction of the appellate court is restricted to a determination of whether the grant of a new trial constituted an abuse of discretion. *Seaboard Coast Line R. v. Towns*, supra. It follows that the Court of Appeals erred in applying the identical standard of review on motion for new trial as on appeal.[2] *Head II*, supra at 470.

---

[2] In so ruling, the Court of Appeals misinterpreted its decision in *Carter*, supra. We read the language in *Carter*, "this standard is the same regardless of whether it is being applied by a trial court on motion for new trial or by the appellate court on appeal," to refer to the principle that FELA cases are governed by federal law on motion for new trial as well as on appeal. Id. at 530.

4. In applying the foregoing rules to the present case, we conclude that the successor judge erred in granting reconsideration and reinstating the jury verdict. That court's order was predicated on the erroneous legal theory that an award in a case involving comparative negligence is categorically precluded from review. Since this theory was expressly disapproved in *Robinson v. Star Gas*, supra, the Court of Appeals erred in holding that *Robinson* does not require reversal. *Head II* at 469. In addition, in assessing whether the trial court abused its discretion in passing on a motion for new trial on the issue of damages in a FELA action, we must apply federal law which mandates that the appellate court make its own appraisal of the evidence bearing on damages. *Grunenthal v. Long Island R. Co.*, 393 U. S. 156 (89 SC 331, 21 LE2d 309) (1968); *Central of Ga. R. Co. v. Swindle*, 260 Ga. 685, 686 (398 SE2d 365) (1990). And if the question is close, the appellate court "must give the benefit of every doubt to the judgment of the trial court," and affirm. *Dagnello v. Long Island R. Co.*, 289 F2d 797, 806 (2d Cir. 1961). Our review of the trial evidence convinces us that the grant of a new trial to correct an inadequate verdict did not constitute an abuse of the trial court's discretion.

Although we hold that the grant of a new trial was within the broad discretion of the presiding judge, we find error in the limited grant of a new trial on the issue of damages only. In *Bridges Farms v. Blue*, supra at 505, we held that where comparative negligence is an issue at trial, liability and damages are so "inextricably joined" that a new trial on damages only is impermissible. Because the grant of a new trial in a comparative negligence case must encompass issues of liability as well as damages, id., Head is entitled to a new trial as to all issues.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 15, 1999.

*Taylor, Harp & Callier, J. Anderson Harp, Jefferson C. Callier,* for appellant.

*Casey, Gilson & Williams, Robert E. Casey, Jr., James E. Gilson, Sandra Gray,* for appellee.