## 73720. HICKOX v. SEABOARD SYSTEM RAILROAD, INC.
### (358 SE2d 889)

BENHAM, Judge.

Appellant Hickox, a former periodic employee of appellee Seaboard System Railroad, Inc., from 1942-1957, brought suit against appellee in 1983 under the Federal Employers' Liability Act ("FELA") (45 USCA § 51 et seq.), alleging that he had contracted chronic lead poisoning due to appellee's negligence in failing to provide him with a safe working place. Appellee invoked the doctrine of comparative negligence, asserting that appellant, through his ingestion of illegal liquor, had failed to exercise ordinary care for his own safety. After a four-day trial, the jury returned a verdict in favor of appellant for $62,469. The jury also answered special interrogatories through which they expressly found that appellee had been negligent, that its negligence had a causal connection with appellant's injury, but that appellant's contributory negligence had been 70 percent of the cause of appellant's injuries. Accordingly, the jury's award was reduced 70 percent, and judgment was entered in favor of appellant in the amount of $18,740.70, from which judgment appellant brings this appeal. The issues on appeal are whether the trial court erred in admitting evidence of appellant's consumption of moonshine whiskey and in charging the jury on contributory negligence.

FELA coverage extends beyond injuries resulting from accidents to cover injuries in the nature of occupational diseases. *Urie v. Thompson*, 337 U. S. 163 (1) (69 SC 1018, 93 LE 1282) (1949). The contributory negligence of the plaintiff/employee "shall not bar a recovery, but the damages shall be diminished by the jury in proportion

to the amount of negligence attributable to such employee. . . ." 45 USCA § 53. The evidentiary burden of proving contributory negligence in an FELA case is on the employer raising the issue, and the defendant/employer is entitled to a jury instruction on contributory negligence if there is any evidence to support that theory. *Wilson v. Burlington Northern*, 670 F2d 780, 782 (8th Cir. 1982). If there is evidence from which the jury could reasonably conclude that the plaintiff/employee did not exercise due care, an instruction is warranted. *Meyers v. Union Pacific R. Co.*, 738 F2d 328, 331 (8th Cir. 1984). Compare *Wilson v. Burlington Northern*, supra. The admissibility of evidence in an FELA case is ordinarily left to the trial judge, whose decisions will not be reversed absent an abuse of discretion. *Lavender v. Kurn*, 327 U. S. 645, 654 (66 SC 740, 90 LE 916) (1946); *Meyers v. Union Pacific R. Co.*, supra at 332. All evidence concerning the negligence of both parties is relevant to the determination of contributory negligence under the FELA. *Murphy v. Nat. R. Passenger Corp.*, 547 F2d 816, 818 (4th Cir. 1977).

The pertinent facts of the particular case now before us are as follows. Appellant was employed by appellee for varying periods of time between 1942 and 1957, and was exposed to lead as a painter, paint stripper, and welder. In 1980, he was diagnosed as suffering from chronic lead poisoning. Appellant admitted having a history of consumption of illegal whiskey dating back to his childhood years. Appellant's expert witness testified that appellant "clearly had some knowledge of the dangers of getting lead from [moonshine] . . ." and knew that drinking moonshine posed a hazard to his health. Experts testified that while appellant's exposure to lead at his work place in 1942-57 would have required him to ingest lesser amounts of lead to maintain high lead levels in his body, the amount of lead retained in his body would have diminished gradually to zero when appellant's exposure to lead ceased. An expert testified that if appellant's exposure to lead had ceased in 1957, the 1942-57 lead exposure would not have caused the 1980 diagnosis of plumbism. The expert witnesses listed moonshine whiskey as a source of lead and labeled appellant's admitted recent (1960's-1970's) 10 to 15-year history of moonshine ingestion as very significant and the most likely source of appellant's lead. One expert, a toxicologist from the Georgia Crime Lab, testified that over half of the moonshine samples taken from throughout the State contained amounts of lead that posed a danger to health and carried a great potential for lead poisoning. A nephrologist testified that approximately 90 percent of moonshine tested in the 1960's and 1970's contained lead.

Appellant maintains the evidence concerning illegal liquor and his ingestion thereof was erroneously admitted because there was no evidence that the moonshine actually consumed by appellant con-

tained lead. In essence, appellant's argument is that circumstantial evidence cannot be used to present the issue of contributory negligence. That, however, is not the law. See *Andrews v. Buckner*, 143 Ga. App. 862 (3) (240 SE2d 266) (1977). "[T]he same causation standard — whether the act contributed in any way to the injury — applies both to defendant's negligence and plaintiff's contributory negligence. Accordingly, the FELA cases that allow plaintiffs to reach the jury on a very slim showing of negligence permit defendants to go to the jury on the issue of plaintiff's negligence with equally slim showings." *Dixon v. Penn Central Co.*, 481 F2d 833, 835 (6th Cir. 1973). Inasmuch as there was evidence from which the jury could conclude that appellant was contributorily negligent, the trial court did not err in so charging the jury.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 17, 1987.

*Clinton W. Sitton, Richard H. Middleton, Jr., Francis D. Shaffer*, for appellant.

*James M. Thomas, James L. Elliott*, for appellee.