76046. SPEARS v. MIRES et al.
(371 SE2d 122)

McMURRAY, Presiding Judge.

Plaintiff Spears brought an action against defendant Mires and corporate defendant McDonald Oil Company, seeking damages for injuries she allegedly sustained after a tractor-trailer gasoline truck, owned by corporate defendant and operated by defendant Mires, collided into a vehicle in which she was a passenger. Defendants denied the material allegations of the complaint and the case was tried before a jury, where the evidence authorized the following:

After defendant Mires made a delivery of gasoline to the Money Back Convenience Store in Columbus, Georgia during the early evening of July 25, 1986, he maneuvered corporate defendant's tractor-trailer gasoline truck so as to exit the convenience store's parking lot, turning right onto a one-way limited access road. The truck essentially blocked the entire driveway. As defendant Mires waited for traffic approaching from the left to clear, plaintiff's husband maneuvered an automobile, in which plaintiff was a passenger, "a foot

or two" from the right front wheel of the gasoline truck. There was insufficient space between the truck and the curb for plaintiff's husband to exit in front of the truck and, when traffic cleared a few moments later, defendant Mires rolled the gasoline truck at a speed of "maybe a mile an hour" into the "left-front corner" of the vehicle that was being operated by plaintiff's husband. At the moment of impact, defendant Mires "heard a crunch [but at] that particular moment [he] did not know what it was. [He] set [his] emergency brakes, got out of the truck and walked around and realized [that he had] struck a vehicle." From this and other evidence, the jury returned a verdict in favor of defendants. Plaintiff's motion for new trial was denied and this appeal followed. *Held*:

1. In her third enumeration of error, plaintiff contends the trial court "erred in charging intervening negligence of a third party," arguing that there was no evidence that a third-party caused the collision.

" 'A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about. An intervening force may be either a superseding or concurrent cause of injury, depending upon a number of causative factors involved. It may be either dependent upon or . . . independent of the original negligent act, and yet be such that, except for the existence of both negligent acts, the injury would not have occurred. The original act of negligence may be passive, that is harmless unless something further occurs but capable of being made dangerous by the operations of some new force . . . .' *Taylor v. Atlanta Gas Light Co.*, 93 Ga. App. 766, 768 (92 SE2d 709)." *Perry v. Lyons*, 124 Ga. App. 211, 212 (1) (b), 215, 216 (183 SE2d 467). In the case sub judice, the evidence showing that plaintiff's husband placed his vehicle in the close proximity of the right front wheel of a tractor-trailer gasoline truck that was preparing to make a right turn onto a roadway was sufficient to sustain the trial court's charge on intervening cause. This enumeration of error is without merit.

2. Plaintiff contends in her second enumeration that the trial court erred in refusing to allow her to introduce into evidence the transcript of a tape recorded telephone conversation which allegedly contained prior inconsistent statements made by a witness whose testimony supported defendants' version of the collision.

"The use of the transcripts is within the discretion of the trial judge just as the admission of the tapes is." *Elliott v. State*, 168 Ga. App. 781, 786 (3) (310 SE2d 758). In the case sub judice, plaintiff's attorney was allowed to utilize the entire transcript of the telephone conversation during cross-examination of the witness for impeachment purposes. Under these circumstances, we find no abuse of dis-

cretion by the trial court in refusing to allow the transcript of the tape recording into evidence. See *Brooks v. State*, 141 Ga. App. 725, 736 (9) (234 SE2d 541).

3. Lastly, plaintiff asserts the general grounds, arguing that the trial court erred in denying her motion for directed verdict and her motion for new trial.

"This court will not disturb a judgment when there is any evidence to sustain it, in the absence of a material error of law. *Menendez v. Ellis*, 149 Ga. App. 684 (255 SE2d 70). If the verdict is wholly without supporting evidence, it will be set aside, but where the evidence is in conflict and a properly instructed jury resolves the conflicts against the plaintiff, and that decision is approved by the trial judge and is supported by the evidence of record, this court, in the absence of material errors of law, will affirm. *Scott v. Scott*, 243 Ga. 472, 473 (254 SE2d 852)." *Hester v. Baker*, 180 Ga. App. 627, 631 (6), 632 (349 SE2d 834). In the case sub judice, there was evidence supporting defendant's assertion that plaintiff's husband was negligent in placing his vehicle in a position which led to the collision. Consequently, the trial court did not err in denying plaintiff's motion for a directed verdict and motion for new trial.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 15, 1988 —
REHEARING DENIED JUNE 24, 1988 —

*L. B. Kent*, for appellant.
*Allen C. Levi*, for appellees.