A91A0586. SILVA v. SMALLS et al.
(407 SE2d 110)

SOGNIER, Chief Judge.

Richard Silva brought suit against Anthony Smalls, Crescent Express, Inc., and American Casualty Company, as the driver, owner, and insurer, respectively, of a tractor trailer truck that ran over him. The jury returned a verdict in favor of the defendants, and Silva appeals.

1. Appellant contends the trial court erred by charging the jury on assumption of risk and contributory negligence. He does not assert that the charges as given were incorrect statements of law; rather, he asserts there was no evidence to support the giving of either of these charges. We do not agree.

The evidence at trial established that appellant was working as a checker at the interchange facility at the Georgia Ports Authority (GPA). That position required appellant to physically inspect the rig, chassis, and container on each 18-wheel tractor trailer truck that passed through the interchange facility. On the date in question, appellant was working lane eight, which, together with lane seven, constituted a double lane accommodating two eight-foot wide rigs in an

18 and one half foot space. In order to completely inspect the rigs, appellant had to walk between them, a situation he acknowledged was dangerous.

Appellee Smalls, directed into lane seven, was driving a rig and chassis without a container. A rig with a chassis carrying an empty container, driven by Charlie Josey, was in lane eight, almost directly beside Smalls' rig. In the course of inspecting Josey's rig, appellant and Josey walked from the front of the rig down the passenger side to the rear, where Josey opened the passenger-side door to the container for appellant to inspect the interior. While Josey was closing the container door, appellant walked to the driver's side of Josey's rig, in the 30 inch space between his rig and Smalls' rig, in order to inspect the left rear tandem of tires. Appellant testified that as he stepped between the rigs he glanced up through the rear window of Smalls' cab for "a couple of seconds" and saw no one there. Appellant acknowledged he made no effort to speak with Smalls or verify that Smalls' rig would not be moved before positioning himself between the rigs. Although appellant testified he did not know that the engine to Smalls' rig was running because of the noise made by other rigs' engines, he testified on direct examination that the engines of the rigs typically were left on. He testified that in order to check the inside left rear tires of Josey's rig he had to bend forward slightly under the rig, but stated that at all times he was visible to Smalls because of the absence of a container and the series of mirrors on Smalls' rig. Appellant testified that a "split second" after he completed his inspection, just as he turned to move to the left front tandem, he was caught from behind by the right rear tandem of tires on Smalls' chassis. The 6,000 pound rig rolled over most of the left side of appellant's body, causing severe injury.

It was uncontroverted that due to the close proximity of the rigs and the directions of controlling yellow guide lines on the double lanes, the rigs had to move directly ahead. Appellant acknowledged that Smalls could not have steered the tires into appellant by more than an inch or two, and testified, "I was in the pathway of the tandem." Josey, in his deposition read to the jury, testified he turned the corner of his rig just as Smalls' tires struck appellant. He stated that Smalls' truck had to move straight ahead and that appellant was partially in the path of Smalls' truck, opining that because appellant's job required him to inspect the side of the container, appellant had stepped back into the path of the tires to check the container top when he was struck. Smalls testified that he saw Josey close the container door at the same time that the rig in front of Smalls' rig moved, so he got in the cab, checked his mirrors when he entered and checked them again as he released the brakes and put the rig in gear, but that while he saw Josey in his mirrors, he never saw appellant. It

was uncontroverted that there were no signs or warning devices to direct traffic, to signal drivers to move forward, or to alert the checkers that a vehicle was preparing to move.

Based on this evidence, the jury would have been authorized to conclude that appellant, in the course of a dangerous job in which he was aware no one was supervising the movements of waiting rigs, chose to walk between Josey's and Smalls' rigs without clearing his action with Smalls, gave Smalls' cab only a glance as he turned the corner, bent over to inspect Josey's tires, then stepped back into the pathway of Smalls' tires. From this the jury could have concluded that appellant either knowingly and voluntarily exposed himself to the risk that Smalls' rig would move so as to support a charge on assumption of risk, see *Cagle v. Thorpe*, 193 Ga. App. 576-577 (1) (388 SE2d 533) (1989), or that appellant negligently failed to exercise ordinary care for his own safety so as to authorize a charge on contributory negligence. See *McChargue v. Black Grading Contractors*, 122 Ga. App. 1, 4 (2) (176 SE2d 212) (1970). We find no merit in appellant's argument that the contributory negligence charge was erroneously given because the evidence established he did not have time to react to Smalls' negligence. "Contributory negligence is of two separable, distinct defenses ([cits.]): first the plaintiff must at all times use ordinary care for his own safety; that is, he must not by his own negligence (or consent) proximately cause his own injuries; and second, the plaintiff must use ordinary care to avoid the consequences of the defendant's negligence when it is apparent or when in the exercise of ordinary care it should become apparent." *Whatley v. Henry*, 65 Ga. App. 668, 674 (16 SE2d 214) (1941). See also *Crim v. Grantham*, 139 Ga. App. 680, 681 (1), (2) (229 SE2d 150) (1976). The trial court charged only the first of these defenses, and the evidence authorized such a charge. The contributory negligence cases cited by appellant in support of his argument involved only the second defense, and thus are not applicable here.

"It is a well established rule that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. It is not even necessary there should be direct evidence going to that point, it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it." (Punctuation and citations omitted.) *Franklin v. Hennrich*, 196 Ga. App. 372, 375 (2a) (395 SE2d 859) (1990). Applying that rule here, we find no reversible error in the giving of the charges in question.

2. Although the trial court gave a complete and accurate instruction on the principle of comparative negligence in its main charge, in response to jury questions regarding the law where the plaintiff and the defendant are equally responsible for the plaintiff's injuries, the trial court charged that "[i]f you find [appellees were] negligent and

also find that [appellant] was also guilty of negligence which contributed to his injury and damages, and that the negligence of [appellant] was equal to or greater than that of [appellees], then [appellant] cannot recover, [and] the verdict would be for [appellees]." Appellant contends the trial court erred by not recharging the jury that he was still entitled to recover if his negligence was less than appellees' negligence. We do not agree.

"Where the jury requests a re-charge by the court in one particular phase of the case, a re-charge in another need not be added to comply with their request. [Cit.] In giving a re-charge requested by the jury, the court is not bound to repeat all of the law favorable to the plaintiff. [Cits.]" *Scott v. Thomas*, 225 Ga. 139, 142 (166 SE2d 726) (1969).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 24, 1991.

*Paul H. Felser*, for appellant.
*Painter, Ratterree, Connolly & Bart, R. Clay Ratterree, Catherine N. Clutter*, for appellees.