A93A0875. MONROE v. SOUTHERN RAILWAY COMPANY.
(436 SE2d 568)

JOHNSON, Judge.

John Gillyard Monroe brought suit pursuant to the Federal Employer's Liability Act ("FELA"), 45 USC § 53, to recover for injuries sustained while working for Southern Railway Company ("Southern"). The jury returned a verdict in favor of Monroe in the amount of $65,000. Monroe, being dissatisfied with the amount of the verdict, appeals.

Monroe worked for Southern as a brakeman. His job involved walking the length of the train to inspect it and to correct any problems he detected. When Monroe reported for work on January 9, 1988, the ground in the railyard was covered with ice. The yard had not been salted or sanded to improve footing. Monroe was wearing insulated boots while some of the other employees were wearing "ice creepers," spikes worn over shoes to improve traction. Monroe was not issued any ice creepers, although other workers had asked for and received them or had borrowed them from their co-workers. While Monroe was inspecting the train, he noticed air escaping from a brake line. In order to repair the brake line, Monroe placed one foot between the rails and the other foot on the sloping, icy walkway adjacent to the track. After he repaired the line, one of Monroe's legs slipped and caused him to "do the splits" and fall. The fall resulted in a pulled hamstring and lower lumbar strain. There was no injury to the bone structures and no disc herniation. Monroe's physician estimated that Monroe suffered a ten to fifteen percent permanent partial impairment as a result of the injury.

1. Monroe contends that the trial court erred in instructing the jury on the principle of contributory negligence because there was no evidence of negligence by Monroe. We disagree.

The defendant in a FELA case is entitled to a jury instruction on contributory negligence if there is *any* evidence to support that theory. *Hickox v. Seaboard System R.*, 183 Ga. App. 330, 331 (358 SE2d 889) (1987); *Paul v. Missouri Pacific R. Co.*, 963 F2d 1058, 1059 (III) (8th Cir. 1992); *Meyers v. Union Pacific R. Co.*, 738 F2d 328, 331 (3) (8th Cir. 1984). An employee has a duty to exercise reasonable and ordinary care for his own safety. *Seaboard Coast Line R. Co. v. Thomas*, 125 Ga. App. 716, 719 (1) (188 SE2d 891) (1972). Here, there was evidence that Monroe failed to exercise ordinary care for his own safety. For instance, Monroe did not wear ice creepers when there was evidence that they might have made walking on ice safer. Although Monroe testified that he had not heard of these devices before, he also testified that he was familiar with the section of his rule book which discusses ice creepers. He also admitted that he was familiar with Southern's rule which requires employees to wear suitable clothing and footwear and that he did in fact choose the kind of footwear he needed for the job. While this evidence is not overwhelming, it is sufficient evidence to support the charge given. "[T]he FELA cases that allow plaintiffs to reach the jury on a very slim showing of negligence permit defendants to go to the jury on the issue of plaintiff's negligence with equally slim showings." (Citation and punctuation omitted.) *Hickox*, supra at 332. Because there was evidence from which the jury could conclude that Monroe was contributorily negligent, the trial court did not err in giving such an instruction. In addition, considered in context with other instructions, the charge was not misleading or confusing, and was applicable to show that the employee's acts or omissions while performing his duties would not necessarily bar recovery. *Atlantic Coast Line R. Co. v. Daugherty*, 116 Ga. App. 438, 446 (9) (157 SE2d 880) (1967).

2. Monroe claims that the trial court erred in refusing to instruct the jury that Southern had the burden of proving contributory negligence because it is an affirmative defense. We agree that Southern had the burden of proof but do not agree that the omission of the requested charge constituted reversible error.

In FELA cases, contributory negligence is an affirmative defense and the burden of proof is on the defendant who relies upon the defense to prove contributory negligence. *Hickox*, supra at 331. In charging the jury on contributory negligence, the trial court in this case made no reference to the burden of proof. However, "simply because a request to charge is apt, correct and pertinent, it is not necessarily error to fail to charge it. . . . [T]he test is whether the court substantially covered the principles embodied therein or whether it was sufficiently or substantially covered by the general charge." (Citations and punctuation omitted.) *Seaboard Coast Line R. Co.*, supra at 718 (1). In other words, we look at the charge as a whole. Id. Here, the

trial judge's charge on contributory negligence was taken nearly verbatim from 45 USC § 53. It sufficiently and substantially covered the principle of contributory negligence. Even assuming, without deciding, that the omission did constitute error, it does not require reversal. "Such an error in charge without a showing of prejudice does not constitute reversible error. [Cit.]" *Seaboard Coastline R. Co. v. Delahunt*, 179 Ga. App. 647, 651 (11) (347 SE2d 627) (1986). There is no evidence that Monroe was prejudiced by the omission. The jury awarded Monroe $65,000 for an injury which required no surgery and at most resulted in a ten to fifteen percent impairment. Within six months, Monroe had returned to work. The jury award was within the province of the jury and not against the clear weight of the evidence. See *Shepherd v. Metro-North Commuter R. Co.*, 791 FSupp. 1008, 1012 (7) (S.D.N.Y. 1992). Thus, the omission of the burden of proof instruction was harmless and would not warrant reversal.

3. Finally, Monroe argues that the court erred in not charging the jury that assumption of risk is not a defense in an action brought under the FELA. We recognize the fact that assumption of risk is not a defense to a FELA claim. See 45 USC § 54. However, Southern did not rely on an assumption of risk defense in its pleading or argument. Courts are discouraged from instructing on assumption of risk when the element is not pleaded. *Almendarez v. Atchison, Topeka &c. R. Co.*, 426 F2d 1095, 1098 (3) (5th Cir. 1970). Therefore, the court did not err in refusing to give the charge.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 7, 1993 —
RECONSIDERATION DENIED OCTOBER 21, 1993

*Burge & Wettermark, Michael J. Warshauer*, for appellant.
*Branch, Pike, Ganz, Thomas B. Branch III, Cathleen M. Devlin*, for appellee.