A95A0145. HIGGINS v. CSX TRANSPORTATION, INC.
(455 SE2d 129)

BIRDSONG, Presiding Judge.

Appellant/plaintiff James Steven Higgins brought suit against appellee/defendant CSX Transportation, Inc., under the Federal Employers' Liability Act (FELA) (45 USCA § 51 et seq.). The jury found that both plaintiff and defendant were negligent, and that 50 percent of plaintiff's injuries were contributed to by his own negligence. The trial court entered judgment reducing the amount of damages awarded appellant/plaintiff by 50 percent. Appellant appeals the order of the superior court denying his new trial motion.

The trial court charged the jury as to contributory negligence and that appellee/defendant had the burden of proof thereof, and also charged in essence that assumption of risk is no defense in an FELA case. Appellant enumerates that the trial court erred by charging the jury as to contributory negligence, as this charge is not supported by any evidence of record. Appellant argues: (a) the record fails to contain "any evidence" of contributory negligence as required by *Wilson v. Burlington Northern,* 670 F2d 780, 782 (8th Cir.); and (b) any conduct on the part of appellant constituted, at best, an assumption of the risk, which is not a defense under FELA pursuant to 45 USCA § 54. *Held:*

Appellant, a signal maintainer, was injured in the dark of the evening when trying to remove a tree that was obstructing certain CSX communications lines. A live tree, which had not been growing on CSX property, had been blown over and was wedged between the "V"-shaped or forked branch of a dead tree located on CSX property. The toppled tree was discovered by Jesse Montgomery, a signal maintainer. As Mr. Montgomery's chain saw was not operational, he called

appellant requesting additional assistance; appellant went to the scene to assist. After both men attempted without avail to remove the obstruction, first by pruning the toppled tree's limbs and then by trying to cut the base of the toppled tree, the men decided to cut down the supporting dead tree. Mr. Montgomery held a six-volt hand lantern. Visually aided by the light of Montgomery's lantern, appellant positioned himself beneath the dead tree and was attempting to cut it when its limb broke; the toppled tree fell "straight down," striking and injuring appellant. Mr. Montgomery testified that in his opinion the workplace was not safe that night; and that any time you are working with a chain saw or a tree it is dangerous. While Mr. Montgomery testified that it was a rule of thumb when you have trouble to fix it and not to wait for assistance or otherwise, he conceded that if you thought the trouble could not be eradicated safely the rule would have been not to do it. Appellant testified that Mr. Montgomery and he made the decision to saw the dead tree, because "we didn't know what else to do at that time, any other way to get the trouble clear. We had to get the tree out so that was our wild idea, I guess." To accomplish this purpose appellant got down on one knee, under the dead tree, and commenced to notch the dead tree's trunk; he stopped the saw and checked the tree. Appellant then squatted at the base of the dead tree and began to cut further when the dead tree's limb broke and the toppled tree fell straight down and struck him.

*Rivera v. Farrell Lines*, 474 F2d 255 (2d Cir.) and *Birchem v. Burlington Northern R. Co.*, 812 F2d 1047 (8th Cir.) are factually distinguishable.

"The evidentiary burden of proving contributory negligence in an FELA case is on the employer raising the issue, and the defendant/employer is entitled to a jury instruction on contributory negligence if there is any evidence to support that theory. If there is evidence from which the jury could reasonably conclude that the plaintiff/employee did not exercise due care, an instruction is warranted. The admissibility of evidence in an FELA case is ordinarily left to the trial judge, whose decisions will not be reversed absent an abuse of discretion. All evidence concerning the negligence of both parties is relevant to the determination of contributory negligence under the FELA." (Citations omitted.) *Hickox v. Seaboard Sys. R.*, 183 Ga. App. 330, 331 (358 SE2d 889). Moreover, circumstantial evidence can be used to raise the issue of contributory negligence. Id. at 332. " '[T]he FELA cases that allow plaintiffs to reach the jury on a very slim showing of negligence permit defendants to go to the jury on the issue of plaintiff's negligence with equally slim showings.' " Id.; accord *Monroe v. Southern R. Co.*, 210 Ga. App. 597, 598 (1) (436 SE2d 568). "An employee has a duty to exercise reasonable and ordinary care for his own

safety"; however, assumption of the risk "is not a defense" to an FELA claim. Id. at 598 (1) and 599 (3). Further, on appeal, this court must construe the evidence most strongly to support the verdict and judgment, and every reasonable presumption and inference must be in favor thereof; if there is any evidence to support the verdict we will uphold the resulting judgment. *In the Interest of E. P. N.*, 193 Ga. App. 742, 747 (2) (388 SE2d 903); *Locke v. Vonalt*, 189 Ga. App. 783, 785 (1) (377 SE2d 696).

"At common law an employee's voluntary, knowledgeable acceptance of a dangerous condition that is necessary for him to perform his duties constitutes an assumption of risk. [Cit.] Contributory negligence, in contrast, is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist. . . . Where an act of alleged contributory negligence is but the practical counterpart of assumption of risk, it does not constitute [an FELA] defense." *Taylor v. Burlington Northern R. Co.*, 787 F2d 1309, 1316 (9th Cir.).

Generally the defenses of assumption of the risk and contributory negligence are not interchangeable. Id. However, "[i]t is often difficult to decide whether a particular fact situation is classifiable solely as assumption of risk, solely as contributory negligence, or as some mixture of the two. '(T)he defenses . . . overlap, and are as intersecting circles, with a considerable area in common, where neither excludes the possibility of the other.'" *Dixon v. Penn. Central Co.*, 481 F2d 833, 835 (6th Cir.). The case at bar appears to present such an overlapping. The workplace encountered that night was dangerous; however, there exists some evidence of overlapping contributory negligence — negligence that was substantially beyond the pale of constituting the mere practical counterpart of assumption of the risk. By electing to position himself directly under the primary source of peril, appellant engaged in a voluntary act which added a new danger or a substantially increased dimension of danger to the (employer permitted) conditions of the work area. In fact, a jury could conclude that appellant subjected himself to risk of extraordinary scope.

Also, there exists some evidence that appellant received orders of a general nature. He was given a chain saw and told "from now on when we have line trouble you go cut it." Also CSX did not give appellant any specific directions as how to perform the job of cutting trees and other obstacles to clear communication lines; rather appellant's supervisor (having no practical experience himself), "just left it up to [the signal maintainers] to do the best we could." "[W]hen an employee carries out a direct order, even if he has reason to know the order exposes him to danger, he is not contributorily negligent; rather, his conduct falls under the [FELA-abolished] doctrine of assumption of risk." *Jenkins v. Union Pacific R. Co.*, 22 F3d 206, 211

(9th Cir.). However, "when an employee carries out his supervisor's general order in an unsafe manner, he is responsible under FELA for his own contributory negligence." Id. There exists at least some evidence that appellant carried out the general orders of his supervisor in an unsafe manner, and therefore the contributory negligence instruction was not erroneously charged. Id.; see *Gish v. CSX Transp.*, 890 F2d 989 (7th Cir.). An appellate court will not reverse the correct decision of the trial court regardless of the reason, if any, given therefor. *Tony v. Pollard*, 248 Ga. 86 (1) (281 SE2d 557).

For each of the above reasons, we conclude the trial court did not err as enumerated.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 10, 1995.

*Jones & Granger, Harry B. Bailey III,* for appellant.
*Casey, Gilson & Williams, James E. Gilson,* for appellee.