A01A1579. BOWEN et al. v. COCHRAN et al.
(556 SE2d 530)

MILLER, Judge.

David R. Bowen and his wife sued Fred Cochran and Classy Cooker Manufacturer's, Inc. for injuries he sustained when a gas cooking grill manufactured by Cochran exploded, causing severe burns to Bowen's hands and forearms. The jury found in favor of Cochran.[1] On appeal Bowen contends that the court erred in denying his motions for directed verdict on Cochran's affirmative defenses of assumption of the risk and contributory negligence and erred in charging the jury on these defenses. We discern no error and affirm.

A directed verdict is proper where there is no conflict in the evidence as to any material issue and the evidence introduced with all reasonable inferences therefrom demands a particular verdict.[2] "Except in plain, palpable and undisputed cases where reasonable minds cannot differ as to the conclusions to be reached, questions of contributory negligence and assumption of risk are for the jury."[3]

---

[1] The trial court granted a directed verdict in favor of Classy Cooker Manufacturer's, Inc., finding that the cooker was not sold through that entity.

[2] OCGA § 9-11-50 (a); *Gen. Manufactured Housing v. Murray*, 233 Ga. App. 382, 383 (1) (504 SE2d 220) (1998).

[3] (Punctuation and footnote omitted.) *North Ga. Elec. Membership Corp. v. Webb*, 246 Ga. App. 316, 319 (2) (540 SE2d 271) (2000); see *Bible v. Jack Eckerd Corp.*, 227 Ga. App. 882, 885 (490 SE2d 553) (1997).

The evidence showed that Bowen, who had previously bought two other cookers from Cochran, purchased a third cooker and was using it at his home. Bowen rolled up newspaper to light the burner on the cooker and then opened the gas valve. The cooker lit, and Bowen went into his home for approximately 30 minutes. When Bowen returned, the flame had extinguished, so he raised the lid and turned off the gas. After waiting for a few minutes for the gas smell to dissipate, Bowen made three attempts to relight the cooker by once again lighting the end of rolled up newspaper and placing it on the burner and then opening the gas valve. During the third attempt, Bowen bent over to look into the cooker when a burst of flame exploded, knocking him to the ground and burning his hands and forearms.

1. Bowen argues that the court erred in denying his motion for directed verdict on Cochran's affirmative defense of assumption of the risk.

Cochran argues that he explained to Bowen how to properly light the cooker with a trigger lighter, but that Bowen instead chose to light the cooker with balls of newspaper and a match. He further argues that he also explained to Bowen how to properly ventilate the cooker if the flame went out and that Bowen was aware through his own experience that a gas cooker must be ventilated after the flame extinguishes before it can be relit.

To show assumption of the risk, "the defendant must present evidence that the plaintiff had actual knowledge of the danger, understood and appreciated the risk, and voluntarily exposed himself to that risk."[4] Cochran testified that the cookers are lit by opening the sliding door for ventilation, holding the trigger lighter to the burner to start a flame, and then turning on the gas valve. Although there were no written instructions on how to operate the cooker, Cochran provided Bowen with a trigger lighter and explained to him how to light the cooker. Cochran himself observed Bowen improperly light the cooker by lighting the orifice at the end where the gas enters. He explained to Bowen that he was lighting it improperly and once again showed Bowen the proper lighting procedure.

There must be some evidence that Bowen knew that the cooker could explode if not properly lighted and ventilated, that he understood the risk if the cooker was improperly operated, and that he nevertheless decided to risk operating the cooker improperly. The evidence in fact showed that Bowen lit the cooker improperly on at least two occasions and in two different manners: once by using newspaper instead of the trigger lighter provided by Cochran, and a second time by lighting the end close to where the gas enters. Bowen also left the

---

[4] (Footnote omitted.) *Cotton v. Bowen*, 241 Ga. App. 543 (1) (524 SE2d 737) (1999).

cooker unattended for 30 minutes with the gas turned on. From this evidence a jury could conclude that Bowen did in fact assume the risk of a flame bursting from the cooker. As there is some evidence to support the affirmative defense of assumption of the risk, the court did not err in denying Bowen's motion for directed verdict on this ground.[5]

2. The jury could also have concluded that Bowen was contributorily negligent. "A plaintiff's contributory negligence bars any recovery whatsoever if his failure to use ordinary care for his own safety is the sole proximate cause of his injuries, even though such negligence concurs with the negligence of the defendant."[6] The evidence that Bowen could have assumed the risk as explained in Division 1 is also evidence from which a jury could conclude that Bowen failed to use ordinary care in operating the cooker. Thus, the court did not err in denying Bowen's motion for directed verdict on this ground.[7]

The dissent argues that the defense's pleadings did not properly raise the affirmative defense of assumption of the risk, but this is irrelevant in light of the fact that this defense was raised by the evidence without objection, thereby amending the pleadings.[8] Moreover, in his motion for directed verdict, Bowen argued that there was no evidence to support assumption of the risk, not that this defense was improperly pleaded. It was for the jury to weigh the evidence and decide whether the cooker's potentially faulty design was to blame for Bowen's injuries or that it was Bowen's own actions in lighting the cooker with newspaper and a match (that creates a much larger flame than a trigger lighter), or his leaving the cooker unattended for 30 minutes, or improperly lighting the cooker as he had previously. Here, there is a conflict in the evidence as to a material issue, and the evidence does not demand a particular verdict. As there was some evidence to support assumption of the risk and contributory negligence, the court did not err in denying the motion for directed verdict.

3. Bowen argues that the court erred in instructing the jury on the affirmative defenses of assumption of the risk and contributory negligence. "When there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to that issue."[9] As there was evidence from which a jury could con-

---

[5] See *Silva v. Smalls*, 200 Ga. App. 141, 143 (1) (407 SE2d 110) (1991).

[6] (Footnote omitted.) *Webb*, supra, 246 Ga. App. at 319 (2).

[7] See *Hickox v. Seaboard System R.*, 183 Ga. App. 330, 332 (358 SE2d 889) (1987); see also *Spears v. Mires*, 187 Ga. App. 656, 658 (3) (371 SE2d 122) (1988); cf. *Fincher v. Golden Glove*, 195 Ga. App. 83, 84 (1) (392 SE2d 303) (1990).

[8] See OCGA § 9-11-15 (b); *McCollum v. Doe*, 190 Ga. App. 444, 445 (2) (379 SE2d 233) (1989).

[9] (Citations and punctuation omitted.) *Johnson v. Loggins*, 211 Ga. App. 265, 266 (3) (438 SE2d 711) (1993).

clude that Bowen assumed the risk of his injury and was contributorily negligent, the court did not err in giving such instructions.[10]

*Judgment affirmed. Andrews, P. J., Johnson, P. J., Ruffin and Ellington, JJ., concur. Eldridge and Barnes, JJ., dissent.*

ELDRIDGE, Judge, dissenting.

I respectfully dissent, because neither the pleadings nor any evidence properly raises or supports the affirmative defense of assumption of the risk; therefore, it was error for the trial court to deny the motion for directed verdict and to charge on assumption of the risk over timely objection.

Cochran verbally instructed Bowen that to light the propane gas cooker the gas is turned on and the source of ignition is inserted through the opening of the sliding door to the burner, and that, when lighted, the needle valve is adjusted; if the cooker flame goes out, then the propane gas valve is shut off; the lid is opened and closed several times to force the collected gas out, because it is heavier than air; the gas is allowed to dissipate for five minutes; the gas valve is again opened; and the source of ignition is again touched to the burner until it lights. Bowen testified that he lit the cooker; that he left it burning; that he was gone about 30 minutes; and that on his return he found that the burner flame was out.

> So I raised the lid[,] cut the gas off at the tank[,] and cut the needle valve off. . . . I was waiting for a few minutes to be sure that you didn't smell any more gas. And, of course, I left the lid up also. . . . I first got me some paper, rolled it up real tight, lit the end of it, laid it back onto the burner[,] . . . opened the gas valve, and then opened the needle valve. I could hear the gas . . . then it did not light. . . . So I immediately turned the gas off again, turned the needle valve off again because, . . . trying to be very cautious as far as lighting this particular type of cooker. So I waited a few more minutes, got me another piece of paper, rolled it up, lit it, did the same process, leaning down laying the paper on the pipe, stick my arm way up in there, got it laying on the burner again, opened the gas valve at the tank and then opened the needle valve. Well, when I opened the needle valve, of course, you hear the gas spewing. It didn't light. Well, I laid — eased down, started trying to look up in there to see where the flame was, and I could see the flame on the paper. Then all of a sudden this big ball of fire came at me, knocked me down.

---

[10] See id.; *Monroe v. Southern R. Co.*, 210 Ga. App. 597, 598 (1) (436 SE2d 568) (1993).

Except for the use of a lighted paper laid on the burner so that his hand was not in the cooker with a trigger lighter flame, this was how Cochran instructed Bowen that lighting and relighting was to be done. In point of fact, to use a trigger lighter flame by putting a hand inside the cooker after the gas was turned on, instead of placing a burning paper on the burner and turning on the gas, was more dangerous. Thus, there was no evidence in the record to raise the issue of an assumption of the risk affirmative defense.

Obviously in this case, the gas buildup near the burner was ventilated sufficiently so that three attempts to relight the cooker with a flaming taper neither immediately lit the burner nor caused an instantaneous explosion upon the burning paper being placed in the opening, no less on the burner. If the cooker had not been ventilated, then the introduction of a trigger lighter flame or a flaming paper taper would have caused an explosion as soon as the flame reached the cooker opening. Thus, in fact the evidence was that Bowen placed the burning paper on the burner where it continued to burn without igniting the burner or the pooled gas immediately. However, the single door and the construction of the underside of the cooker with the drip pan allowed gas to pool to the top of the pan wall, because the heavier than air propane collects in a pool in the pan at the bottom of the cooker. The dead space in the burner caused a delayed ignition of the burner, which in turn ignited the accumulated gas pool in the pan, because the design was inadequate to ventilate adequately the cooker of the trapped gas in the pan, and the burner orifices allowed delayed ignition in the dead zone of the burner.

Cochran inspected the cooker after a worker was injured in a prior similar occurrence and told Bowen that everything was all right with the cooker as to design and function. Thus, any subjective knowledge of Bowen that the cooker was hazardous, because the cooker had a tendency to trap pooled gas when it had to be relit, was nullified by the assurances made by Cochran.

Neither the answer to the complaint nor the pretrial order raised the affirmative defense of assumption of the risk. The Civil Practice Act mandates that an affirmative defense be raised in the answer, in the pretrial order, or in a motion to provide timely notice of the issues to be tried. OCGA §§ 9-11-8 (c); 9-11-16; *O'Quinn v. O'Quinn*, 237 Ga. 653, 654 (229 SE2d 428) (1976) (affirmative defense raised by answer or motion for adjudication on the merits); *Rimes Tractor & Equip. v. Agricredit Acceptance Corp.*, 216 Ga. App. 249, 250-251 (454 SE2d 564) (1995) (affirmative defense raised by pleadings or motion to a counterclaim); *Brown v. Quarles*, 154 Ga. App. 350, 351-352 (268 SE2d 403) (1980) (affirmative defense raised by motion); *Bailey v. Polote*, 152 Ga. App. 255, 257 (2) (262 SE2d 551) (1979) (same). The defendant did not amend his answer to raise the affirmative defense of assumption of the risk; therefore, the trial court erred in allowing

any evidence purporting to prove such defense. *Brown v. Little*, 227 Ga. App. 484, 485 (1) (489 SE2d 596) (1997) (reversible error for trial court to allow evidence at trial over objection when issue not raised by pleadings, amendment, or pretrial order). Since the evidence failed to establish each and every element of the defense of assumption of the risk, then the evidence admitted at trial did not amend the pleadings to conform to the evidence; further, the plaintiff did not consent to such issue being tried because he moved for a directed verdict on such issue. OCGA § 9-11-15 (b); *Borenstein v. Blumenfeld*, 250 Ga. 606, 607-608 (1) (299 SE2d 727) (1983) (where evidence admissible for one issue raised in the pleadings, such evidence cannot be treated as a waived objection to allow it to amend the pleadings for an issue not pled); *McDonough Constr. Co. v. McLendon Elec. Co.*, 242 Ga. 510, 514 (250 SE2d 424) (1978) (the admission at trial of unobjected-to evidence which raises an unpled defense acts as either an express or implied consent to try such issue and amends the pleadings to conform to the evidence admitted at trial); *Brackett v. Cartwright*, 231 Ga. App. 536, 537-538 (1) (499 SE2d 905) (1998). Thus, procedurally, the trial court erred as a matter of law in not granting the motion for directed verdict as to this issue not properly placed before the jury.

More importantly, the trial court erred in failing to grant the directed verdict as to the defense of assumption of the risk, because the defendant failed to affirmatively prove each essential element of such defense, which would allow the jury to decide the issue.

> The affirmative defense of assumption of the risk bars a plaintiff from recovering on a negligence claim if it is established that he[,] without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not. In Georgia, a defendant asserting an assumption of the risk defense must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks. Knowledge of the risk is the watchword of assumption of risk, and means both *actual* and *subjective* knowledge on the plaintiff's part. The knowledge that a plaintiff who assumes a risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury. The knowledge requirement does not refer to a plaintiff's comprehension of general, non-specific risks that might be associated with such conditions or activities. . . . In its simplest and primary sense, assumption of the risk means that the plaintiff, in advance, has given his consent to

> relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from *a known risk arising from what the defendant is to do or leave undone.*

(Punctuation and footnotes omitted; emphasis in original.) *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996). See also *Muldovan v. McEachern*, 271 Ga. 805, 807-808 (2) (523 SE2d 566) (1999); *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 824 (4) (409 SE2d 524) (1991). Even if any use of the cooker at all constituted generally a known danger because butane gas was used and the danger of gas collecting existed, then this still would fail to constitute an assumption of the risk, because the specific danger of gas collecting in the grease pit and the dead zone causing delayed ignition was neither actually and subjectively known nor understood and appreciated as a specific hazard. *Beringause v. Fogleman Truck Lines*, supra at 823-824.

A plaintiff who encounters a known general danger does not thereby consent to any future negligence of the defendant.

> This is contributory negligence pure and simple; it is not assumption of risk. The plaintiff has exposed himself to the risk of future harm, but he has not consented to relieve the defendant of any future duty to act with reasonable care. This is a distinction which has baffled a great many law students, some judges, and unhappily a few very learned legal writers.

(Citation, punctuation and emphasis omitted.) *Beringause v. Fogleman Truck Lines*, supra at 823 (4).

Thus, the evidence failed to show both an actual and a specific subjective knowledge or understanding and appreciation of the specific risk that the gas would pool in the pan so that normal ventilation would not dissipate the heavy gas from the bottom pan of the cooker and that the gas·burner had delayed ignition from a dead zone causing the hazard of a possible flashback upon ultimate ignition of the burner. The trial court erred in treating a comprehension of a general, nonspecific, awareness and understanding of a risk of gas collecting as the actual and subjective knowledge mandated as an essential element of this defense. *Jimenez v. Morgan Drive Away*, 238 Ga. App. 638, 639-640 (1) (519 SE2d 722) (1999); *Beringause v. Fogleman Truck Lines*, supra at 823-825 (4). The trial court erred as a matter of law in denying the motion for directed verdict.

Further, the trial court erred as a matter of law in giving an incomplete charge on the defense of assumption of the risk, because it failed to charge on both actual and subjective knowledge of a specific risk and understanding and appreciation of such specific risk and that the knowledge required did not refer to a plaintiff's compre-

hension of general, nonspecific, risks that might be associated with such condition or activities. *Beringause v. Fogleman Truck Lines*, supra at 824; see also *Jimenez v. Morgan Drive Away*, supra at 639-640. The better practice is for the trial court to give the above language quoted from *Vaughn v. Pleasent* verbatim as the charge on assumption of the risk.

BARNES, Judge, dissenting.

I respectfully dissent, because the trial court should have directed a verdict on the assumption of risk defense, and because the trial court erred in charging the jury on assumption of risk.

"Knowledge of the risk is the watchword of assumption of risk." (Citation and punctuation omitted.) *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 824 (4) (409 SE2d 524) (1991). We do not presume that a plaintiff has assumed the risk of activities or conditions he does not know about. "Moreover, he must not only know of the facts which create the danger, but he must comprehend and appreciate the nature of the danger he confronts. . . ." (Citation and punctuation omitted.) Id.

The defendant argues that the plaintiff assumed the risk of an explosion because he used a rolled-up newspaper to light the gas rather than the trigger lighter provided. Bowen testified that after he lit the gas cooker, it went out and he unsuccessfully tried twice to relight it before it exploded. He knew he should be "very cautious as far as lighting this particular type of cooker," and testified that he aired out the grill before the first unsuccessful attempt to relight it and then immediately turned the gas off when it did not light. When the device did not light the second time, he tried to see where his flame was located, but an explosion knocked him down and burned him severely. He further testified that he did not know there was a wrong way to light the cooker.

The defendant testified that he knew of no problem with the cooker unless it was lit improperly and that he explained to buyers that if the flame went out, they should open the lid to ventilate it and then relight it. Plaintiff's expert design engineer testified that the burner had "a great propensity" not to light quickly, because one end of the burner emitted insufficient gas to light the flame immediately. Only when enough gas had gathered inside the grill to touch the flame did the device ignite "dramatically." Further, because the burner tube had only one opening instead of two, the release of any accumulated gas would be very slow. The gas, being heavier than air, would pool in the bottom of the burner tube, so that its only means of escape would be to spill out of the single opening after it had pooled. The defendant presented no testimony, expert or otherwise, to dispute or contradict the engineer's explanation for the explosion that burned the plaintiff.

Although the defendant said he told the plaintiff to use the trigger lighter, no evidence indicated that he also told him that using an alternate lighting source might cause the gas cooker to explode. Further, no evidence at trial suggested that using a lighted, rolled piece of newspaper rather than the trigger lighter caused the explosion. If these facts constitute the assumption of risk, then anyone who lights a gas grill with a source other than that provided by the manufacturer has assumed the risk of explosion, a ridiculous result.

In order for the plaintiff in this case to have assumed the risk, there must be evidence that, knowing that the cooker did not light properly, that gas pooled in the burner tube when the flame went out, and that the gas did not dissipate due to the single-opening construction, he then made a conscious decision to attempt to relight the unit despite the danger of the pooled gas exploding. To the contrary, the defendant himself testified that he instructed purchasers to ventilate the unit by lifting the lid if the flame went out, which the plaintiff testified he did. No evidence existed in this case showing the plaintiff knew or should have known of the specific risk that caused the explosion, and the trial court erred in failing to grant a directed verdict and in charging the jury on the assumption of risk.

The evidence creates an issue for the jury regarding contributory negligence, but not regarding assumption of risk. "If, in the exercise of ordinary reasonable care for his own safety, [plaintiff] could and should have discovered the danger before he actually did and could and should have avoided the [injury], then he would have been contributorily negligent, but he would not have assumed the risk." *Beringause v. Fogleman Truck Lines*, supra, 200 Ga. App. at 824 (4).

For these reasons, I respectfully dissent to the majority opinion.

DECIDED NOVEMBER 15, 2001.

*Mills & Moss, David C. Moss*, for appellants.
*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Daniel S. Wright*, for appellees.

