## A07A1835. SUTTON v. JUSTISS.
(659 SE2d 903)

MILLER, Judge.

Stacey Justiss brought this personal injury action on behalf of her son, Cody Allen Cersey, to recover for injuries Cody sustained after being struck by a vehicle driven by Frankie Lee Sutton. Sutton now appeals from the trial court's order denying his motion for summary judgment, asserting that the record fails to establish facts from which a jury could infer negligence on his part, but does establish that Cody's injuries resulted from the comparative negligence of Justiss. Discerning no error, we affirm.

> On appeal from a grant of summary judgment, we conduct a de novo review of the evidence to determine if there exists a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, entitle the movant to judgment as a matter of law. [Cit.]

*Wachovia Bank v. Moody Bible Institute of Chicago*, 283 Ga. App. 488, 489 (642 SE2d 118) (2007).

So viewed, the record shows that the incident in question took place outside of a convenience store in Broxton. A sidewalk runs in front of the store and at one end of the sidewalk is a handicap ramp that ends in the store's parking lot, next to a gated fence. The fence separates the store from a boat storage facility located immediately behind it, and accessed by vehicles driving through the store's parking lot.

On September 30, 2003, Justiss was walking on the sidewalk outside of the store, holding the hand of Cody, who was then two years old. Cody broke from his mother's grasp, and ran down the handicap ramp at the end of the sidewalk and onto the store's parking lot, next to the gated fence. Justiss ran after Cody and attempted to catch him,

but before she could do so he was struck and injured by Sutton's vehicle, which was traveling toward the gate leading to the storage facility.

Justiss brought the current action on behalf of Cody and against Sutton, the proprietor of the convenience store, and the individual who owns the real property on which both the store and the storage facility are situated. Justiss alleged Cody's injuries resulted, in whole or in part, from Sutton's negligent operation of his vehicle and from his negligent failure to maintain a proper lookout.

Following some discovery, Sutton moved for summary judgment, arguing that the evidence of record would not support a negligence claim against him and that such evidence demonstrated the comparative negligence of Justiss. The trial court denied that motion, but granted Sutton's request for a certificate of immediate review. Sutton then filed an application for interlocutory appeal, which this Court granted.

On appeal, Sutton claims that the trial court's order constitutes error as a matter of law. We disagree.

In reaching our decision,

> [w]e must start from the time-honored principles that the routine issues of negligence cases are generally not susceptible of summary adjudication, and that summary judgment should not be granted in these cases unless the nonexistence of liability is plain, palpable, and indisputable. If reasonable minds can differ on the cause of the injury, the case is not plain, palpable, and indisputable and it should go to the jury.

(Citations and punctuation omitted.) *Cieplinski v. Caldwell Electrical Contractors*, 280 Ga. App. 267, 277 (633 SE2d 646) (2006) (Barnes, J., concurring in part and dissenting in part). Sutton asserts that the evidence cannot support an inference of negligence on his part because it showed that, at the time of the accident: (i) his vehicle was traveling no more than five miles per hour; (ii) Cody was only two feet tall; and (iii) the parking lot through which he was traveling was very congested with other cars, making it "very difficult" for a motorist to see a child of Cody's height. While the first two of these assertions appear to be undisputed, Justiss's testimony contradicts that of Sutton on the question of whether other cars in the parking lot would have blocked Sutton's view of Cody.

Sutton testified that there were cars parked in front of and to the left of the store, blocking his view of the sidewalk and handicap ramp, so that he could see adults only from the waist up. Sutton stated that he never saw Cody and was unaware his vehicle had struck the child until Justiss began yelling at him to "stop." Justiss, however, deposed

that there were no vehicles parked in front of or to the right of the store, nor were there any vehicles parked in the handicap space or at the end of the ramp. Thus, she claims that Sutton should have been able to see Cody and, had he done so, he could have avoided hitting him.

Given this conflicting testimony and the complete absence of any other evidence on this question,[1] a jury could infer either that Sutton should have seen Cody running toward his vehicle or that Sutton's view of the sidewalk and handicap ramp was obscured. Thus, even though the evidence in this case is far from compelling, we cannot say that the trial court erred in denying Sutton summary judgment. See *Young v. Kitchens*, 228 Ga. App. 870, 874 (3) (492 SE2d 898) (1997) ("It is the jury's function to draw an inference from the evidence when more than one inference can be drawn.") (citation and punctuation omitted); *Cieplinski*, supra, 280 Ga. App. at 277 (1) ("Considering the conflicting evidence on the point in issue, this is not a plain, palpable, and indisputable case.").

Sutton further argues that he was entitled to summary judgment because Cody's injuries resulted from the comparative negligence of his mother.[2] In support of this assertion, Sutton cites Justiss's testimony: (i) describing Cody as a "hyperactive" two-year-old; and (ii) explaining that she normally placed a harness on Cody when she took him shopping to prevent him from running away from her, but that she did not do so on the day of the incident. In short, Sutton is claiming that a reasonable person in Justiss's position would have taken steps to ensure that Cody could not run away from her.

Like the question of a defendant's negligence, however, the question of a plaintiff's comparative negligence is generally "not susceptible [to] summary adjudication but should be resolved by trial in the ordinary manner." (Citations and punctuation omitted.) *Robinson v. Kroger Co.*, 268 Ga. 735, 739 (1) (493 SE2d 403) (1997). Moreover, assuming arguendo that the negligence of both Sutton and Justiss contributed to Cody's injuries, it would be for the jury to apportion fault between the parties. See *Bridges Farms v. Blue*, 267 Ga. 505 (480 SE2d 598) (1997).

Because we find that there exist jury questions as to the issue of Sutton's negligence, we affirm the trial court's order denying his motion for summary judgment.

---

[1] Although there were one or two additional eyewitnesses to the incident, their testimony, if it exists, is not part of the record before us.

[2] Sutton does not assert the defense of comparative negligence per se, but instead asserts that the negligence of Justiss was the "proximate cause" of Cody's injuries. The facts he argues in support of that position, however, make clear that he is actually claiming comparative negligence on the part of Justiss, rather than arguing the issue of proximate cause.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MARCH 26, 2008 —

*Young, Thagard, Hoffman, Smith & Lawrence, John H. Smith, Jr.*, for appellant.

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, George T. Talley, Robert M. Beauchamp*, for appellee.