**FIRST DIVISION
BARNES, P. J.,
BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**November 1, 2022**

# In the Court of Appeals of Georgia

A22A0923. GIDDENS v. METROPOWER, INC.

HODGES, Judge.

Damiyon Giddens was injured during a delivery of pipe to Metropower, Inc. He sued, alleging negligence on the part of Metropower's employee in moving the pipe from his truck to a Metropower trailer.[1] The trial court granted summary judgment to Metropower, and Giddens appeals. For the reasons that follow, we reverse.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Thus, to prevail on a motion for summary judgment, the moving party must

---

[1] Giddens also initially alleged premises liability pursuant to OCGA § 51-1-3, but subsequently admitted that his allegations did not sound in premises liability.

demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law[ ]. A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. Thus, the rule with regard to summary judgment is that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 623-624 (1) (a) (697 SE2d 779) (2010).

So viewed, the evidence shows that Giddens was an employee of a company called Ameripipe and his job involved delivering large pipes from a flatbed truck. His truck did not have a forklift attached to it, so when delivering pipe using that truck,

2

he would need to unload the pipes by hand. Although it was his responsibility to unload the pipes, he would request people at the drop-off location help him.

Giddens testified that when he arrived at Metropower's location, he was told that he arrived at the wrong place, but was instructed by Metropower employees to unload the pipe there anyway. Metropower employee Rick Bearden pulled a trailer up next to Giddens' truck and proceeded to assist with unloading the pipes because he realized Giddens could not unload them by himself. The pipes were moved by sliding them to the edge of the truck and letting them roll off Giddens' truck down to the trailer. Giddens claims that he removed shrink wrap from the pipes for the purpose of unloading them, but pictures of the pipes involved show some shrink wrap remaining on them.

Giddens, Bearden, and one other Metropower employee were unloading the last pipe when Giddens was injured. Giddens testified that he asked the Metropower employees to hold up on moving the last pipe while he cleaned shrink wrap trash off his truck bed. Bearden claims not to have heard this and claims that he announced for everyone to get out of the way while he moved the pipe. Bearden testified that he looked to ensure that Giddens was out of the way of the pipe, looked down at his own

feet to ensure that they were also out of the way of the pipe, and then started rolling his end of the pipe.

A video from an outdoor security camera depicts Giddens getting injured. The video is not of the highest quality as it appears to have been obtained by a cell phone filming a screen that is playing the video.[2] The video shows a trailer parked close to Giddens' truck on the left side. Bearden was standing on the ground at the back end of Giddens' flatbed. Giddens and the other Metropower employee were on the flatbed, with Giddens on the end closest to the cabin of the truck. The pipe at issue was positioned close to the left edge of the flatbed. Both Giddens and the other Metropower employee appear to be to the right of the pipe when Bearden rolled the end of the pipe closest to him off the truck and on to the trailer. The angle and lighting of the video are not ideal, particularly because Giddens' feet and much of his body are in the shadows at the relevant time. The video does not depict Giddens' feet at the moment the pipe was rolled, but it then depicts him either falling or leaping off the flatbed. Giddens was injured as a result of this, and filed the present lawsuit. The

---

[2] We take this opportunity to remind parties that our review of the evidence in their cases can only be as good as the quality of the evidence submitted. It therefore behooves parties to submit their evidence in the highest quality resolution available.

trial court granted Metropower summary judgment on the basis that the video demonstrated that Giddens assumed the risk of injury by leaping off the truck bed, or, that his own negligence in doing so was the sole proximate cause of his injury.

In a single enumeration of error, Giddens contends that the trial court erred in granting Metropower's motion for summary judgment on the issues of assumption of the risk and proximate cause. We agree with Giddens.

"A defendant . . . may prevail on summary judgment by presenting evidence which establishes a prima facie affirmative defense." (Citation and punctuation omitted.) *Miller v. Turner Broad. Sys., Inc.*, 339 Ga. App. 638, 643 (2) (794 SE2d 208) (2016). "[C]ontributory negligence and assumption of the risk are affirmative defenses for which the defendants have the burden of proof." Id. at 644 (2). We will analyze these affirmative defenses in turn.

### a. Assumption of the Risk

Georgia law provides that

[t]he affirmative defense of assumption of the risk bars a plaintiff from recovering on a negligence claim if it is established that he, without coercion of circumstances, chooses a course of action with full knowledge of its danger and while exercising a free choice as to whether to engage in the act or not. A defendant asserting an assumption of the

5

risk defense must establish that the plaintiff (1) had knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks. The knowledge requirement does not refer to a comprehension of general, non-specific risks. Rather, the knowledge that a plaintiff who assumes the risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury. As a general rule, whether a party assumed the risk of his injury is an issue for the jury that should not be decided by summary judgment unless the defense is conclusively established by plain, palpable and undisputed evidence.

(Citations and punctuation omitted.) *Downes v. Oglethorpe Univ., Inc.*, 342 Ga. App. 250, 253 (1) (802 SE2d 437) (2017). "In assessing whether defendant[] ha[s] met this burden, we apply a subjective standard geared to the particular plaintiff and his situation, rather than that of a reasonable person of ordinary prudence." (Citation and punctuation omitted.) *Fuller v. McCormick*, 340 Ga. App. 636, 639 (1) (a) (798 SE2d 280) (2017).

Here, there is conflicting evidence as to what Giddens knew when the pipe started rolling off the flatbed. Bearden testified that he told everyone to move out of the way, while Giddens testified that he asked Bearden to hold up from moving the pipe. Assuming Giddens' testimony to be true, which we must on summary judgment,

6

*Brown v. Allied Printing Ink Co.*, 241 Ga. App. 310, 313 (2) (b) (526 SE2d 626), Giddens would not have expected the pipe to be moving given his request to hold off moving it. Under such circumstances, with Giddens suddenly facing an unexpected occurrence, Metropower has not met its burden of establishing, as a matter of law, that Giddens subjectively had time to understand the risk associated with his response to the moving pipe or that he voluntarily exposed himself to that risk. Accordingly, the trial court erred granting summary judgment on this basis.

### b. Contributory Negligence

"A plaintiff's contributory negligence bars any recovery whatsoever if his failure to use ordinary care for his own safety is the sole proximate cause of his injuries, even though such negligence concurs with the negligence of the defendant." (Citation and punctuation omitted.) *Bowen v. Cochran*, 252 Ga. App. 457, 459 (2) (556 SE2d 530) (2001). Contributory negligence and lack of care for one's own safety, however, are not susceptible to summary adjudication "unless the nonexistence of liability is plain, palpable, and indisputable. If reasonable minds can differ on the cause of the injury, the case is not plain, palpable, and indisputable and it should go to the jury." (Citation omitted.) *Sutton v. Justiss*, 290 Ga. App. 565, 566 (659 SE2d 903) (2008). "It is the jury's function to draw an inference from the

7

evidence when more than one inference can be drawn." (Citation and punctuation omitted.) Id. at 567.

Here, Metropower has not met its burden of proving the affirmative defense of contributory negligence by plain, palpable, and indisputable evidence so as to be entitled to summary judgment. Contrary to the characterization of the video by Metropower and the trial court, it does not clearly demonstrate Giddens voluntarily leaping from the flatbed. As mentioned, the video quality is not ideal and much of the relevant activity is shadowed. Even after enlarging the video and watching it multiple times, it remains unclear to this Court what caused Giddens' departure from the flatbed. Although the video obviously shows Giddens in the air coming off the flatbed, it does not clearly show whether that was a result of him voluntarily jumping off or being pushed or tripped up by the pipe. Even if it is more likely that the video depicts Giddens voluntarily leaping off the truck, it is not plain, palpable, and indisputable. More than one inference could be drawn, and thus the question must go to a jury. Metropower bears the burden of proving the affirmative defense of contributory negligence, and it cannot do so as a matter of law with the video of the incident. Accordingly, the trial court also erred in granting summary judgment to Metropower on this basis.

8

*Judgment reversed. Barnes, P. J., and Brown, J., concur.*